UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL MOI, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>CHIHULY STUDIO, INC., a Washington corporation; DALE CHIHULY, individually and as a married person; LESLIE CHIHULY, individually and as a married person,<br><br>        Defendants. | No. 2:17-cv-00853<br><br>DEFENDANTS' ANSWER AND COUNTERCLAIM |

CHIHULY, INC., a Washington corporation; DALE CHIHULY, individually,

        Counterclaim-
        Plaintiffs,

    v.

MICHAEL MOI, an individual,

        Counterclaim-
        Defendant.

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 1

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.3099
Fax: 206.359.9000

**ANSWER**

Defendants Chihuly, Inc., Dale Chihuly and Leslie Chihuly (collectively "Chihuly" or "Defendants") answer Plaintiff's Complaint as follows in paragraphs numbered to correspond to the paragraph numbers in said Complaint.

**NATURE OF THE ACTION**

Plaintiff includes a lengthy introduction to which no response is required. To the extent a response is required, Defendants deny any allegations included in the introduction appearing before the first numbered paragraph of Plaintiff's complaint.

## I.    PARTIES

1.1    Defendants have insufficient information to admit or deny the allegations in Paragraph 1.1 and on that basis deny the allegations.

1.2    Defendants deny that an entity with the name Chihuly Studio, Inc. exists as a Washington corporation doing business in King County, Washington. Defendants admit that Chihuly Studio is a registered trade name for Chihuly, Inc. Defendants further admit that King County is located within the Western District of Washington. Defendants deny any remaining allegations in Paragraph 1.2.

1.3    Defendants admit that Dale Chihuly is a resident of King County, Washington and is the Chairman of Chihuly, Inc. Defendants further admit that Dale resides within the Western District of Washington. Defendants deny any remaining allegations in Paragraph 1.3.

1.4    Defendants admit that Leslie Chihuly is a resident of King County, Washington and is the Chief Executive Officer for Chihuly, Inc. Defendants further admit that Ms. Chihuly resides within the Western District of Washington and that she is married to Dale. Defendants deny any remaining allegations in Paragraph 1.4.

## II.    JURISDICTION AND VENUE

2.1    Defendants admit that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff purports to bring claims under United States Copyright Act, 17 U.S.C.

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

1  § 101 et seq.  Defendants also admit that this Court has supplemental jurisdiction over Plaintiff's

2  state law claims under 28 U.S.C. § 1367(a).  Defendants deny the remaining allegations in

3  Paragraph 2.1.

4        2.2     Defendants admit that venue is proper in the Western District of Washington

5  given Plaintiff's allegations regarding conduct he claims occurred in the Western District of

6  Washington and that Defendants reside or may be found in this District.  Defendants deny the

7  remaining allegations in Paragraph 2.2.

8  ### III.    FACTUAL ALLEGATIONS

9        3.1     Defendants have insufficient information to admit or deny the circumstances

10  under which Dale was introduced to Plaintiff and on that basis deny those allegations.

11  Defendants admit that Mr. O'Neill worked as a skipper on Dale's boat(s).  Defendants further

12  admit that Mr. O'Neill was employed by Chihuly between 2001 and 2015, and that before that he

13  was employed at the Salmon Bay Boat yard.  Defendants deny the remaining allegations in

14  Paragraph 3.1.

15        3.2     Defendants admit that Plaintiff worked as a handyman for Chihuly, Inc. and Dale

16  to complete odd jobs from time to time, including roof repairs and cleaning.  Defendants admit

17  that Plaintiff was properly compensated for that work.  Defendants have insufficient information

18  to admit or deny the allegations regarding decommissioning an oil tank and on that basis deny

19  those allegations.  Defendants deny the remaining allegations in Paragraph 3.2.

20        3.3     Defendants deny the allegations in Paragraph 3.3.

21        3.4     Defendants admit that Dale has, over the years, directed and participated in

22  numerous sessions where he created (and continues to create) his drawings.  Defendants further

23  admit that some of those sessions occurred on the deck or in the Blue Room of the Boathouse.

24  Defendants further admit that there are numerous tasks that must be completed prior to beginning

25  a drawing session including setting out the tools and materials necessary for Dale to create his

26  art.  Defendants have insufficient information to admit or deny whether Plaintiff misappropriated

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 3

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

Dale's paint from the locations to which he had access during his work as a handyman. Defendants deny the remaining allegations in Paragraph 3.4.

3.5     Defendants admit that Dale has long used assistants to assist him in executing his artistic vision.  Some of these may act as painting assistants by laying down backgrounds or applying other imagery but always in the well-established artistic vocabulary established by Dale.  Defendants deny that Plaintiff ever worked as a painting  assistant.  Defendants deny the remaining allegations in Paragraph 3.5.

3.6     Defendants admit that Dale signs his drawings that he deems worthy of his signature.  Defendants deny the remaining allegations in Paragraph 3.6.

3.7     Defendants admit that the preparatory process must be performed for each session and that  assistants may ensure that Dale's drawings are properly prepared to dry and may move the final pieces.  Defendants deny the remaining allegations in Paragraph 3.7.

3.8     Defendants have insufficient information to admit or deny whether Plaintiff installed deck lighting at the Boathouse and on that basis deny that allegation.  Defendants deny the remaining allegations in Paragraph 3.8.

3.9     Defendants admit that the images in Paragraph 3.9 appear to have been taken from Chihuly's Facebook page.  Defendants admit that Dale created paintings featuring pumpkin or jack-o-lantern shapes, but deny the remaining allegations in Paragraph 3.9.

3.10     Defendants admit that photographers and videographers have been present at some of Dale's drawing sessions.  Defendants deny the remaining allegations in Paragraph 3.10.

3.11     Defendants admit that access was not routinely granted to Dale's living quarters. Defendants deny that studio staff or glassblowers were prohibited from accessing the Blue Room or the deck.  Defendants further deny that Mr. Moi was allowed "unfettered access" to "Chihuly's private quarters" but admit that Mr. Moi was provided with access to Dale's living quarters to perform repairs in his role as a handyman.  Defendants deny the remaining allegations in Paragraph 3.11.

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 4

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

1     3.12    Defendants deny the allegations in Paragraph 3.12.

2     3.13    Defendants have insufficient information to admit or deny what Plaintiff may

3  have thought and on that basis deny those allegations.  Defendants deny the remaining

4  allegations in Paragraph 3.13.

5     3.14    Defendants admit that Dale has been diagnosed with bipolar disorder, symptoms

6  of which include depression, hyperactivity and/or mania, paranoia, impaired judgment and

7  irrational behavior.  Defendants further admit that Dale and Mrs. Chihuly have a son.

8  Defendants deny the remaining allegations in Paragraph 3.14.

9     3.15    Defendants have insufficient information to admit or deny the allegations in

10  Paragraph 3.15 and on that basis deny those allegations.

11    3.16    Defendants deny the allegations in Paragraph 3.16.

12    3.17    Defendants admit that Mr. O'Neill was Vice President of Chihuly Studio but have

13  insufficient information to admit or deny the allegations regarding Plaintiff's alleged home

14  remodel for Mr. O'Neill and on that basis deny those allegations.  Defendants deny the

15  remaining allegations in Paragraph 3.17.

16    3.18    Defendants admit that Victor Humeniuk was hired, let go, re-hired and is

17  currently employed by Chihuly as a facilities manager.  Defendants have insufficient information

18  to admit or deny the allegations regarding Mr. Humeniuk's position at Salmon Bay Boat Yard or

19  how he met Mr. O'Neill.  Defendants deny the remaining allegations in Paragraph 3.18.

20    3.19    Defendants admit that Plaintiff did project work as a handyman for Dale and

21  Chihuly.  Defendants further admit that Kellie Moi performed similar repair and cleaning work.

22  Defendants deny the remaining allegations in paragraph 3.19.

23    3.20    Defendants agree that the size, scale and complexity of Dale's paintings has

24  increased but deny the remaining allegations in Paragraph 3.20.

25

26

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 5

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

1    3.21    Defendants admit that demand for Dale's work is strong and that the creation of

2    Dale's works can be physically demanding.  Defendants deny the remaining allegations in

3    Paragraph 3.21.

4    3.22    Defendants admit that Billy O'Neill, Piper O'Neill and Damien Villarreal

5    regularly worked with Dale under his direction, and that others also participated in the drawing

6    process from time to time.  Defendants deny the remaining allegations in Paragraph 3.22.

7    3.23    Defendants admit that in January 2015, Mr. O'Neill's employment at Chihuly,

8    Inc. ended.  Defendants have insufficient information to admit or deny allegations regarding

9    Plaintiff's mental state and on that basis deny those allegations.  Defendants deny the remaining

10   allegations in Paragraph 3.23.

11   3.24    Defendants admit that in late 2016, Plaintiff encountered Dale and Mr. Roswell in

12   the parking lot of the Boathouse, and thereafter spoke to Mr. Remaly.  Defendants deny the

13   remaining allegations in Paragraph 3.24.

14   3.25    Defendants admit that Mr. Remaly spoke to Mr. Moi at some point in late 2016 in

15   the parking lot of the Ballard Studio.  Defendants have insufficient information to admit or deny

16   the remaining allegations in Paragraph 3.25 and on that basis deny those allegations.

17   3.26    Defendants admit that Mr. Moi called Mr. Humeniuk on December 24, 2016 to

18   discuss work on a vintage car.  Defendants deny the remaining allegations in Paragraph 3.26.

19   3.27    Defendants further admit that Leslie Chihuly has been actively managing the

20   company as President of Chihuly, Inc. since 2008 but have insufficient information to admit or

21   deny the allegations in Paragraph 3.27 and on that basis deny the allegations.

22   3.28    Defendants admit that Moi never informed Leslie Chihuly or others at Chihuly,

23   Inc. about his alleged conversations but have insufficient information to admit or deny the

24   remaining allegations regarding Plaintiff's mental state and that basis deny the remaining

25   allegations in Paragraph 3.28.

26   3.29    Defendants deny the allegations in Paragraph 3.29.

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 6

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

# IV.    CAUSES OF ACTION

4.1     Paragraph 4.1 requires no answer.  To the extent an answer is required, Defendants deny the allegation in Paragraph 4.1.

    4.1.1    Paragraph 4.1.1 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 4.1.1.

    4.1.2    Paragraph 4.1.2 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 4.1.2.

    4.1.3    Defendants deny the allegations in the first sentence of Paragraph 4.1.3. The remainder of Paragraph 4.1.3 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations in Paragraph 4.1.3.

4.2     Paragraph 4.2 requires no answer.  To the extent an answer is required, Defendants deny the allegation in Paragraph 4.2.

    4.2.1    Defendants deny the allegations in the first sentence of Paragraph 4.2.1 The last two sentences of Paragraph 4.2.1 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations in Paragraph 4.2.1.

    4.2.2    Paragraph 4.2.2 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 4.2.2.

4.3     Paragraph 4.3 requires no answer.  To the extent an answer is required, Defendants deny the allegation in Paragraph 4.3.

    4.3.1    Paragraph 4.3.1 requires no answer.  To the extent an answer is required, Defendants deny the allegation in Paragraph 4.3.1.

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 7

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

4.3.2   Defendants admit that there is a real and actual controversy between the parties regarding co-authorship and co-ownership of Dale's works.  Defendants deny any remaining allegations in Paragraph 4.3.2.

4.3.3   Defendants deny the allegations in Paragraph 4.3.3.

4.3.4   Paragraph 4.3.4 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 4.3.4.

4.3.5   Paragraph 4.3.5 contain a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 4.3.5.

4.3.6   Paragraph 4.3.6 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 4.3.6.

4.3.7   Paragraph 4.3.7 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 4.3.7.

4.3.8   Defendants admit that Plaintiff was a handyman and cleaner for Chihuly and Dale.  Defendants further admit that because Plaintiff did not participate in the creation of Dale's art that there are no written agreements between the Defendants and Plaintiff regarding any of Dale's art, including, but not limited to an assignment of rights.  Defendants deny the remaining allegations in Paragraph 4.3.8.

4.3.9   Defendants admit that Plaintiff is not a co-owner or joint author of any of Dale's art, including drawings.  Defendants deny the remaining allegations in Paragraph 4.3.9.

4.3.10  Defendants admit that there is an actual controversy between Plaintiff and Defendants regarding Plaintiff's claims that he is a co-author and co-owner of Dale's drawings.  Defendants deny any remaining allegations in Paragraph 4.3.10.

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 8

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

1          4.3.11  Paragraph 4.3.11 contains legal conclusions to which no response is

2   required.  To the extent a response is required, Defendants deny the allegations in Paragraph

3   4.3.11.

4          4.4     Paragraph 4.4 requires no answer.  To the extent an answer is required,

5   Defendants deny the allegation in Paragraph 4.4.

6          4.4.1   Paragraph 4.4.1 requires no answer.  To the extent an answer is required,

7   Defendants deny the allegation in Paragraph 4.4.1.

8          4.4.2   Defendants deny the allegations in Paragraph 4.4.2.

9          4.4.3   Defendants deny the allegations in Paragraph 4.4.3.

10         4.4.4   Defendants deny the allegations in Paragraph 4.4.4.

11         4.5     Paragraph 4.5 requires no answer.  To the extent an answer is required,

12  Defendants deny the allegation in Paragraph 4.5.

13         4.5.1   Paragraph 4.5.1 requires no answer.  To the extent an answer is required,

14  Defendants deny the allegation in Paragraph 4.5.1.

15         4.5.2   Paragraph 4.5.2 contains a legal conclusion to which no response is

16  required.  To the extent a response is required, Defendants deny the allegations in Paragraph

17  4.5.2.

18         4.5.3   Defendants deny the allegation in Paragraph 4.5.3.

19         4.5.4   Defendants deny the allegation in Paragraph 4.5.4.

20         4.5.5   Paragraph 4.5.5 contains a legal conclusion to which no response is

21  required.  To the extent a response is required, Defendants deny the allegations in Paragraph

22  4.5.5.

23         4.5.6   Paragraph 4.5.6 contains legal conclusions to which no response is

24  required.  To the extent a response is required, Defendants deny the allegations in Paragraph

25  4.5.6.

26

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 9

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

23641-0040/135552868.4

1    4.5.7    Paragraph 4.5.7 contains a legal conclusion to which no response is

2    required.  To the extent a response is required, Defendants deny the allegations in Paragraph

3    4.5.7.

4                                    **AFFIRMATIVE DEFENSES**

5          Chihuly further responds to Plaintiff's Complaint by alleging the following affirmative

6    defenses.  Chihuly reserves the right to supplement this list as the case proceeds:

7          4.6    The Complaint fails to state a claim upon which relief may be granted.

8          4.7    Applicable statutes of limitations are a bar to Plaintiff's claims, including claims

9    to ownership of copyright in various works of art under the Copyright Act.

10         4.8    Plaintiff's Complaint is barred by laches and equitable estoppel.

11         4.9    Plaintiff's Complaint is barred by the statute of frauds.

12         4.10    Plaintiff's Complaint is barred by unclean hands and undue influence.  Plaintiff

13   asserts that he was placed in a position of trust and confidence by Dale and that he was aware of

14   Dale's struggles with mental health.  While Defendants deny the existence of any promise as

15   described by Plaintiff, by Moi's own admission he now seeks to profit from an alleged promise

16   that he knowingly obtained from a person who at the time was  suffering from mental illness.  He

17   then kept that promise secret for more than 17 years from those responsible for protecting Dale's

18   interests.  As a result, even if Mr. Moi's claims were true, he may not recover in either law or

19   equity.

20         4.11    Plaintiff has waived or abandoned any rights he claims to have under the

21   Copyright Act.

22                                    **COUNTERCLAIM**

23         For their counterclaim Dale Chihuly and Chihuly, Inc. allege the following:

24                             **I.    INTRODUCTION**

25         1.    This lawsuit is not about Plaintiff's entitlement to rightful compensation.  Rather,

26   it is about Plaintiff threatening to go public with information he considers embarrassing,

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 10

Perkins Coie LLP
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

23641-0040/135552868.4

1 sensational, and harmful to Defendants unless his demand for $21 million is accepted in return

2 for his silence.  Counterclaim Plaintiffs Chihuly, Inc. and Dale Chihuly (collectively "Chihuly")

3 bring this action for declaratory relief against Counterclaim Defendant Michael Moi, a former

4 contractor and handyman for Chihuly.

5     2.      Dale Chihuly is an internationally renowned artist represented in over 200

6 museum collections worldwide.  His exhibitions have transformed the historic streets of Venice

7 (Chihuly over Venice) and marveled millions in the citadel of Jerusalem (Chihuly in the Light of

8 Jerusalem).

9     3.      Dale is recognized for having revolutionized the creation of glass art as well as

10 the way people interact with art installations.  His signature basket, cylinder, float and reed forms

11 have appeared for decades in both his glass art and his drawings.  From the beginning of his

12 career his drawings have been an integral part of his art, carrying forward the unique shapes and

13 symbols that have defined his glass art.

14     4.      Dale does not work alone.  He is well known for his collaborative approach to art,

15 pioneering the adoption of the studio glass movement in the United States and ultimately Team

16 Chihuly.  Dale's collaborative approach began in part due to necessity:  In 1976 an automobile

17 accident left him with 258 stitches to his face, permanent damage to his right foot and leg, and

18 blinded in his left eye.  A 1979 accident severely dislocated his right shoulder and left him

19 unable to carry the weight of the glass blow pipe.  These physical disabilities forced him to rely

20 more heavily on others, often using his drawings as a way of communicating with a team.  The

21 team approach became more of a necessity as the glass art installations (up to 150 lbs for an

22 individual element and thousands of pounds for installations) and drawings (up to 6' by 8' with

23 some series painted on heavy plexiglass) became larger.  Necessity is often called the mother of

24 invention and, just as with other great artists before him (e.g. Michelangelo, Andy Warhol), Dale

25 discovered that the use of assistants gave him a different, often unique perspective which better

26 enabled him to execute his vision.

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 11

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

23641-0040/135552868.4

5. While Dale's physical challenges are publicly known, less well known is his private struggle with mental illness. Dale has been diagnosed with bipolar disorder, symptoms of which include depression, hyperactivity and/or mania, paranoia, impaired judgment and irrational behavior. The disease and, more recently, Dale's advancing years have made him more vulnerable to those who might take advantage of him. Dale's bipolar disorder is an issue that is rarely discussed publicly. His family, friends and colleagues work to protect him both from the effects of the disease and the often cruel and judgmental glare of public scrutiny. Yet this desire to protect Dale has also led to his most significant vulnerability: The threat of public disclosure. For this reason, Dale and his family have now decided to publicly discuss his battle with mental illness. While they hope that Dale's diagnosis might comfort and inspire others who also grapple with mental illness, they also hope to disarm those who might seek to exploit Dale's illness and his interest in maintaining his privacy for their personal gain–such as Mr. Moi.

6. Mr. Moi is neither an artist, nor an author, nor co-author of Dale's works. Chihuly has never sold a drawing or painting by Mr. Moi. On information and belief, Mr. Moi has never sold any work of art that he created. He is a former contractor and handyman who in the course of his work for Chihuly became aware of Dale's struggles with mental health and other personal information. He also possesses personal and confidential private documents of Dale's that he continues to hold despite Dale's demand that they be returned. Such documents allegedly reflect Dale's personal struggles. Under the thin guise of this litigation, Mr. Moi is threatening to make such documents public as purported "evidence" in his lawsuit unless Dale, his family, and Chihuly, Inc. pay him $21 *million* for his silence. That effort has failed, as Chihuly has decided not to acquiesce to Plaintiff's threats and demands.

7. Mr. Moi never worked with Dale as a painting assistant, and he did not participate in the creation of Dale's art. His claims are not only baseless, they are a complete fabrication tendered in a calculated, cynical, and deplorable effort to prey on Dale's disability and desire for privacy.

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 12

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.3099
Fax: 206.359.9000

1    8.    Chihuly therefore seeks a declaratory judgment that Mr. Moi owns no rights

2 whatsoever in any Chihuly work, that Chihuly is the sole and rightful owner of all rights to any

3 contested works and that Mr. Moi is responsible for attorneys' fees and all damages caused by

4 his threats.

5                              **II.    PARTIES**

6    9.    Counterclaim Plaintiff Chihuly, Inc. is a Washington corporation with its

7 principal place of business in Seattle, Washington.

8    10.    Counterclaim Plaintiff Dale Chihuly is an individual residing in King County,

9 Washington.

10    11.    Counterclaim Defendant Michael Moi is an individual residing in King County,

11 Washington.

12                     **III.    JURISDICTION AND VENUE**

13    12.    This Court has subject matter jurisdiction over Chihuly's counterclaim for

14 declaratory relief under the Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15    13.    This Court has supplemental jurisdiction over Chihuly's claims under the laws of

16 Washington pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Chihuly's

17 claims under federal law that they form part of the same case or controversy and derive from a

18 common nucleus of operative fact.

19    14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a)

20 because (a) a substantial part of the events giving rise to Chihuly's counterclaims occurred in the

21 Western District of Washington, (b) Mr. Moi resides in the Western District of Washington for

22 the purposes of determining venue, and/or (c) Mr. Moi has a sufficient connection with the

23 Western District of Washington to make venue proper in this district.

24                              **IV.    FACTS**

25 **A.    Background**

26    15.    Dale Chihuly

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 13

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

16.     Born in 1941 in Tacoma, Washington, Dale was introduced to glass while studying interior design at the University of Washington.  After graduating from the University of Washington in 1965, Dale enrolled in the first glass program in the United States at the University of Wisconsin.  Dale continued his studies at the Rhode Island School of Design, where he earned a Master in Fine Arts.  After being awarded a Fulbright Fellowship for glass studies, Dale apprenticed in Italy.  There, Dale observed the concept of team glassmaking, which became critical to the way Dale creates his art.  Inspired, Dale returned to the United States, founded the glass blowing program at the Rhode Island School of Design, where he taught for a decade, and co-founded the Pilchuck Glass School in Stanwood, Washington.

17.     Dale has since received a dozen honorary doctorates in fine arts, two fellowships from the National Endowment for the Arts and numerous other accolades.  In 1992 he was recognized as the first National Living Treasure.

18.     Dale is further celebrated for his grand and ambitious architectural installations. These installations can be viewed around the world including in Tacoma's Union Station Federal Courthouse, at the Bellagio Hotel in Las Vegas, at the Atlantis Hotel in the Bahamas, at the Garfield Park Conservatory in Chicago, at the Victoria and Albert Museum in London and at Chihuly Garden and Glass in Seattle.

19.     Drawing has long been an integral part of Dale's creative process and an important element to his artistic personality. And, just as with his glass art, Dale has long innovated with technique, medium and material with his drawings.  So it is that he grabbed and drew with 50 pencils at a time, drew on glass shards and has frequently employed non-art materials and tools (e.g. tea, coffee, mercurochrome, charcoal, molten glass, brooms, mops, blow torches, and squeeze bottles).  Over time his drawings have moved from more subtle tones to bigger, wilder and more colorful pieces.  Below are photographs of Dale creating drawings:

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 14

23641-0040/135552868.4



*Figure 1[1]*



*Figure 2[2]*



*Figure 3[3]*

20.     Dale's drawings are a major part of his work.  The same archetypes that he creates

in glass are carried over into his drawings, including his signature basket, cylinder, float and reed

---

[1] Donald Kuspit, *Chihuly* at 14-15 (1st ed. 1997).

[2] Screenshot of video "Chihuly Drawing," *available at* https://www.youtube.com/watch?v=7b3Kg5wShec (posted May 17, 2013).

[3] Barry Rosen, *Chihuly Drawings* at 146 (2014) .

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 15

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

forms.  These archetypes have been repeated and refined over multiple decades and are uniquely associated with Dale.






*From the Basket Series*  *From the Cylinder Series*  *From the Float Series*  *From the Reed Series*

21.     Dale's drawings have been described as being "imbued with the physical properties of glass and the process of blowing glass; brilliant, deeply saturated color; light; sensations of liquidity, buoyancy, movement, and continual transformation, all combined with themes of seriality and accumulation."[4]

22.     Despite decades of physically demanding work, debilitating accidents and the reality that mental illness takes a physical as well as a mental toll, Dale continues to create and produce works of art.  He regularly leads drawing sessions.  And, several significant new exhibitions have opened or will open this year, including at the Catalina Island Museum in Avalon, California; New York Botanical Garden in Bronx, New York; Crystal Bridges Museum of American Art in Bentonville, Arkansas; and Chihuly Sanctuary at the Fred & Pamela Buffett Cancer Center in Omaha, Nebraska.  This, his 75th year, has been one of his most productive as an artist.

23.     Chihuly, Inc. is the company that represents Dale and his works.  Dale founded Chihuly, Inc. in 1985, when he could finally afford to invest in his own glassblowing studio and hire his own team of employees to implement his designs.

---

[4] Nathan Kernan, *The Butterfly and the Spider, in* Chihuly Drawings (Barry Rosen ed., 2d ed. 2014)

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 16

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

24.     Chihuly, Inc. is remarkable for, among other things, the sophistication of its international business.  To this end, Chihuly, Inc. engages in the business of art exhibitions, gallery engagements, sales, and philanthropy all around the globe.  While Dale is the artistic vision behind Chihuly, Inc., due in large part to Dale's mental health issues, the business has for years been run by professional managers while Dale has taken the position of Artistic Director. Leslie Chihuly has been President of Chihuly Inc. since 2008 and its Chief Executive Officer since 2015. Through Chihuly, Inc., Dale's art has come to be known and loved around the world, providing inspiration to millions.

25.     Counterclaim Defendant Mr. Moi

26.     Mr. Moi was a contract handyman who was sporadically hired by Chihuly to undertake odd jobs and repair work between approximately 1999 and 2015.  This work included general clean-up, maintenance, and repair work (e.g. repairing roofs, grading walkway, installing Christmas lights, repairing downspouts, removing and replacing a water tank, cleaning glass, replacing flooring in the laundry room after a leak), and some renovation and remodel work (e.g. Dale's boathouse office, the Aquarium room, Dale's office and painting studio in Ballard and the cabin).  Most recently Moi was responsible for year-end maintenance and cleaning at various facilities (pressure washing, moss removal, landscape upkeep).

27.     On information and belief, in the course of doing these defined handyman tasks, Mr. Moi became privy to details of Dale's personal life and observed some of Dale's struggles with mental illness.

28.     Mr. Moi has never been a Chihuly, Inc. employee.

29.     Mr. Moi was never one of Dale's studio assistants, a painting assistant, or a personal assistant.

**B.      Dale Is the Sole Author of the Artworks**

30.     Dale is the sole visionary behind his art, including his drawings.  He alone is responsible for the artistic vision, style and direction behind those drawings.

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 17

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

23641-0040/135552868.4

31.     Like many artists—today (for example, Damien Hirst and Jeff Koons) and throughout history (for example, Michelangelo and Andy Warhol)—Dale does not work alone. Rather, he employs assistants who are involved in the creation of both his glass art and his drawings.  Dale and Chihuly, Inc. have been open about the collaborative process Dale has been using for decades to  create his art.  Dale is well-known for his teamwork and his leadership of the Studio's creative process, as well as his generosity and inclusiveness, which has trained a new generation of artists and involved others in his artistic family.

32.     The creation of Dale's art is physically taxing.  Dale's drawings are often very large.  Sometimes, Dale draws on huge pieces of Plexiglas, acrylic and/or glass weighing 25-100 pounds.  Just moving these pieces from one place to another requires assistance.  Below is a photograph of Dale working with one of his large scale drawings.



*Figure 4[5]*

33.     At his drawing sessions, Chihuly provides the material and space and the assistants help to set up, refresh supplies and move materials.  At times, a painting assistant might help by laying down backgrounds or applying other imagery but always in the well-

[5] Donald Kuspit, *Chihuly* at 256 (2d ed. 2014).

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 18

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

1  established artistic vocabulary long-established by Dale.  Assistants may also ensure the

2  drawings are properly prepared  to dry or move the final pieces.

3       34.     Dale personally signs each drawing.  He is the final arbiter in making the

4  determination whether a work is worthy of his signature and release to the commercial market.

5  Dale has incredibly high standards for himself and his art.  Dale regularly destroys works that do

6  not meet his aesthetic standards rather than have them be considered representative of his work.

7       35.     Dale values his studio assistants and has, for years, celebrated and acknowledged

8  the way in which his artwork is collaboratively created.  In executing Dale's vision, each studio

9  assistant knew, and knows, that Dale alone would receive attribution, that Dale alone would

10  exhibit and otherwise publish the work, and that Dale alone would market and sell the work.

11  **C.    Moi's Threat to Harm Chihuly's Reputation and Commercial Success**

12       36.     In February 2017, Mr. Moi, by and through his counsel (collectively "Moi")

13  demanded $21,000,000 from Dale, falsely claiming to be a joint creator or author of "hundreds,

14  if not thousands" of Dale's paintings dating back to 1999 and further asserting that Dale had

15  "promised" to pay him for his co-authorship upon dissolution of the Chihuly company.  Notably,

16  this $21 million demand was presented to Chihuly without warning or any prior indication.  The

17  written demand was the first and only notice that Chihuly or Dale had received of Mr. Moi's

18  claim—after almost 18 years of silence. There is not a single document referencing or

19  memorializing this alleged co-authorship or the purported agreement that Moi would be

20  compensated at some distant date in the future and, on information and belief, Mr. Moi had never

21  before advised others of his alleged claim of authorship or purported right to compensation

22  earned over the previous 17 years.

23       37.     In presenting his demand, Mr. Moi asserted that he knew salacious details

24  regarding Dale's personal and private struggles with mental illness and had in his possession

25  various medical documents and personal papers that reflected these struggles that he considered

26  to be embarrassing.  Moi further asserted that these details and documents were somehow

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 19

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

23641-0040/135552868.4

1  relevant to his claims.  As such, they would become public during the course of any litigation

2  regarding his claims, even if, and when, the claims were ultimately found to be without merit

3       38.     In explaining why he was in possession of these documents Mr. Moi stated that

4  he was placed in a position of trust and confidence by Dale and was asked to safeguard the

5  documents many years ago.  As stated at Paragraph 3.14 of the Complaint:  "Chihuly's up and

6  down manic cycles were a constant . . . [and] Chihuly entrusted Moi with original faxes, legal

7  documents, and other correspondence and items of a personal nature . . . [ instructing him] to

8  keep these documents safely hidden."

9       39.     Yet, when asked by Chihuly to return the documents "entrusted" to him, *which*

10  *were admittedly the sole property of Dale Chihuly*, Moi has steadfastly refused.  Asserting that

11  the documents included medical  papers and highly personal letters between Dale and Leslie

12  which would be "substantively uncomfortable" for Dale if released, Moi not only refused to

13  return the documents he was supposedly "safeguarding" but refused  to provide Dale with copies

14  or even allow Dale's counsel to view them.  Instead, Moi insisted that he and his counsel

15  maintain exclusive control of the documents until Dale and Chihuly, Inc. acceded to certain of

16  their demands.

17       40.     When Dale and Chihuly, Inc. declined to accept Moi's demand for $21 million or

18  negotiate some other payment to buy Moi's silence, Moi sought to exert further pressure by

19  serving (but not filing) his state court Complaint and simultaneously serving notices of

20  deposition for Dale and Leslie Chihuly and certain third party witnesses.  Moi's state court

21  Complaint expressly included claims for violation of the Copyright Act (17 U.S.C. § 101 et seq.)

22  and the Visual Artist Rights Act (VARA) (17 U.S.C. § 106A et seq.), *despite the fact that these*

23  *claims may only be pursued in federal court*.  On information and belief, Moi understood that

24  these claims lacked merit and he never intended to pursue the claims but instead was using them

25  as cover for his improper demand.

26

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 20

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

41.     Mr. Moi's demand is nothing more than an ugly and reprehensible display of opportunism and exploitation.  He is exploiting Dale's mental illness, both now and in the past, as well as Dale's advancing age and reasonable desire for a modicum of personal privacy.  Under the guise of a frivolous legal claim, Mr. Moi is threatening to disclose publicly whatever personal information he might have, including confidential information about Dale's mental health and struggles and personal documents that are not rightfully in his possession and control, unless he succeeds in convincing Dale and Chihuly, Inc. to pay him a massive and unwarranted amount of money for his silence.

## V.     CAUSES OF ACTION

### FIRST CLAIM
### DECLARATORY RELIEF

42.     Chihuly realleges and incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1-41.

43.     An actual, substantial legal controversy now exists between Chihuly and Mr. Moi, regarding whether Mr. Moi is a joint author and/or co-owner under the Copyright Act of the copyrights in and to certain artistic works for which he claims rights, is entitled to rights under VARA or otherwise is entitled to any rights or monies whatsoever, whether  under claims of promissory estoppel, unjust enrichment or otherwise relating to any of the disputed works. Chihuly, Inc. and Dale seek a judicial determination of their rights and legal relations pursuant to 28 U.S.C. § 2201.

44.     Chihuly is entitled to a declaration that Mr. Moi is not a joint author and/or co-owner of any copyrights in works authored by Dale, has no rights relating to any such works and is not entitled to any monies therefrom.

45.     Pursuant to 28 U.S.C. § 2202, Chihuly is entitled to a declaration granting any further necessary or proper relief the Court may deem appropriate.

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 21

**Perkins Coie LLP**
1201 Third Avenue., Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.3099
Fax:  206.359.9000

**SECOND CLAIM**
**CONVERSION**

46.     Chihuly realleges and incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1-45.

47.     Mr. Moi is improperly in possession of Dale's property and asserts that Dale allegedly entrusted Mr. Moi with certain of Dale's personal property for the specific purpose of safekeeping.

48.     Dale demanded that Mr. Moi return that personal property but Mr. Moi has refused to return it.

49.     Mr. Moi has no right to retain Dale's personal property or to use it for his personal purposes.  If the jury determines that Mr. Moi did not take or retain Dale's property without permission, but finds instead that it was entrusted to him for safekeeping, Dale alleges in the alternative that Mr. Moi's use of Dale's personal property or refusal to return it is inconsistent with this alleged agreement that Mr. Moi hold that property for safekeeping.

50.     Mr. Moi has willfully interfered with Dale's right to his property without lawful justification, thereby depriving Dale of possession of his property and causing injury.

51.     Mr. Moi is liable for the tort of conversion.

52.     Dale is entitled to an order compelling Mr. Moi to return Dale's personal property and for damages and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Dale Chihuly and Chihuly, Inc. pray for the following relief:

A.     Dismissal of Plaintiff's claims with prejudice;

B.     A declaration that Mr. Moi does not own any rights whatsoever in Chihuly artwork and is not a joint author and/or co-owner of any copyrights in any works authored by Dale Chihuly;

C.     Injunctive relief preventing Mr. Moi from claiming authorship;

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 22

23641-0040/135552868.4

1      D.      Judgment in favor of Chihuly and against Mr. Moi on Chihuly's state law claims;

2      E.      An order compelling Mr. Moi to return all originals and any copies of Dale

3   Chihuly's personal property in Mr. Moi's possession, custody or control and enjoining him from

4   retaining any copies or using or disclosing any information relating to such property;

5      F.      Costs of suit, including reasonable attorneys' fees, as allowed by law; and

6      G.      Such other relief as the Court may deem just and proper;

7      Dale Chihuly and Chihuly, Inc. reserve the right to further amend this Counterclaim

8   following further investigation and/or discovery.

9   DATED: June 2, 2017                      **PERKINS COIE** LLP
                                             By: *s/Harry Schneider*_____
10                                               Harry Schneider, WSBA No. 9404
                                                 HSchneider@perkinscoie.com
11
                                             By: *s/Susan E. Foster*_____
12                                               Susan Foster, WSBA No. 18030
                                                 SFoster@perkinscoie.com
13
                                             By: *s/William C. Rava*_____
14                                               William C. Rava, WSBA No. 29948
                                                 WRava@perkinscoie.com
15                                           Attorneys for Defendants Chihuly, Inc., Dale
                                             Chihuly and Leslie Chihuly and Counterclaim
16                                           Plaintiffs Chihuly, Inc. and Dale Chihuly

17

18

19

20

21

22

23

24

25

26

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 23

23641-0040/135552868.4

# CERTIFICATE OF SERVICE

I certify that on June 2, 2017, I served the foregoing on the following attorney(s) of record of record by the method(s) indicated:

| | |
|---|---|
| Anne Bremner | ___ Via U.S. Mail, 1st Class, Postage Prepaid |
| Frey Buck, P.S. | <u>XX</u> Via Hand Delivery |
| 1200 Fifth Avenue | ___ Via Overnight Delivery |
| Suite 1900 | ___ Via Facsimile |
| Seattle, WA 98101 | ___ Via Email |
| abremner@freybuck.com | |
| 206-486-8000 | |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 2nd day of June, 2017.

<u>s/ Harry H. Schneider, Jr., WSBA No. 9404</u>
HSchneider@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

ANSWER AND COUNTERCLAIM
(No. 2:17-cv-00853) – 24

23641-0040/135552868.4