UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL MOI, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>CHIHULY STUDIO, INC., a Washington corporation; DALE CHIHULY, individually and as a married person; LESLIE CHIHULY, individually and as a married person,<br><br>        Defendants.<br><br>CHIHULY INC., a Washington corporation; and DALE CHIHULY, individually,<br><br>        Counterclaim-Plaintiffs,<br><br>    v.<br><br>MICHAEL MOI, an individual,<br><br>        Counterclaim-Defendant | No. 2:17-cv-00853-RSL<br><br>REPLY IN SUPPORT OF DEFENDANTS' AND COUNTERCLAIM PLAINTIFFS' MOTION FOR DISQUALIFICATION OF COUNSEL<br><br>NOTE ON MOTION CALENDAR: Friday, July 28, 2017<br><br>*ORAL ARGUMENT REQUESTED*<br><br>**FILED UNDER SEAL** |

REPLY ISO MOTION FOR DISQUALIFICATION
(No. 2:17-cv-00853-RSL)

LEGAL136276104.7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

The Court should disqualify Counsel from representing Mr. Moi in this action to address the severe prejudice that Chihuly has suffered and will continue to suffer as a result of Counsel's disregard for her ▓▓▓▓▓▓ ethical obligations. In her over-length 20-page opposition, Counsel does not dispute the material facts that compel disqualification and fails to rebut the presumptions the Court may draw from those facts.

*First,* Counsel admits, as she must, that she previously represented and currently represents ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[1] From this fact, the Court can presume that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ had access to privileged and confidential information because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[2] *Cf. Matter of Firestorm 1991*, 129 Wn.2d 130, ▓▓▓ (1996) (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).

*Second,* Counsel admits that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Based on these facts, the Court can also presume that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ shared Chihuly's privileged information with Counsel. *See Amgen, Inc. v. Elanex Pharms., Inc.*, 160 F.R.D. 134, 141 (W.D. Wash. 1994) ("Even in the absence of evidence that confidential information was shared, a court may presume that confidences have been shared if the scope of representation of the former client encompasses

---

[1] Counsel cannot seriously dispute that she represented ▓▓▓▓▓▓ against Chihuly. Whatever the financial arrangement, she acknowledges being "associated in the matter in early ▓▓▓" acting as a "media consultant" and that she "*represented* ▓▓▓▓▓▓▓[.]" Opp. at 2 (emphasis added). If anything, it appears that her involvement, dating as it apparently did to early ▓▓▓, was more extensive than previously known to Chihuly. *See* Supplemental Declaration of Harry H. Schneider, Jr., Ex. G (announcing Counsel's appearance as "co-counsel" in mid-▓▓▓▓▓▓, on the eve of the ▓▓▓▓▓▓▓▓).

[2] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Declaration of Michael Tobiason ("Tobiason Decl.") (Dkt. No. 24), ¶¶ 4, 6; Declaration of William C. Rava ("Rava Decl.") (Dkt. No. 23), ¶ 2. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Tobiason Decl. at ¶¶ 7-8; Rava Decl. ¶¶ 3-4.

REPLY ISO MOTION FOR DISQUALIFICATION
(No. 2:17-cv-00853-RSL)– 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL136276104.7

issues raised in litigation with the current client.").[3] The Court need not make this presumption, however, because Mr. Moi effectively concedes that Counsel *in fact* received privileged and confidential information. ▮

▮

▮.[4] Mr. Moi does not deny—because he cannot deny—that Counsel possesses this information.

*Third*, Mr. Moi does not and cannot deny that Counsel leveraged and continues to leverage that information to his and her advantage and Chihuly's disadvantage.

In sum, as a result of Counsel's failure to deny or rebut these facts and the presumptions that flow from them, Counsel does not even come close to carrying her burden of showing that disqualification would be improper.[5] Because Chihuly moved promptly to disqualify Counsel upon Mr. Moi's initiation of this action, and will suffer prejudice unless Counsel is disqualified, Chihuly's motion for disqualification should be granted.

**A.      Disqualification is Warranted Under *Foss***

**1.      Chihuly Will Be Prejudiced by Counsel's Representation of Mr. Moi**

Counsel's representation is highly prejudicial to Chihuly. Under *Foss*, the inquiry "turns on the significance and materiality of the privileged information to the underlying litigation." *Foss Mar. Co. v. Brandewiede*, 190 Wn. App. 186, 195 (2015). Counsel repeatedly asserts that information received from ▮ cannot prejudice Chihuly because it does not relate to Mr. Moi himself and is therefore not material. *See, e.g.*, Opp. at 10. That

---

[3] *See also United States v. SAE Civil Const.*, 1996 WL 148521, at ▮ (D. Neb. Jan. 29, 1996) ▮

▮.

[4] ▮ *See* Mot. at 9 n.7; *see also* Tobiason Decl. ¶ 9 (▮

▮).

[5] The burden on this issue belongs with Counsel. The non-binding authority Counsel relies on to argue otherwise should be disregarded because, in this Court, "[t]he burden of proof rests with the firm whose disqualification is sought." *Atl. Specialty Ins. Co. v. Premera Blue* Cross, 2016 WL 1615430, at *9 (W.D. Wash. Apr. 22, 2016); *see also Amgen*, 160 F.R.D. at 139-40.

REPLY ISO MOTION FOR DISQUALIFICATION
(No. 2:17-cv-00853-RSL) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL136276104.7

1 | argument is nonsense. Mr. Moi alleges that he created art with Dale between 1999 and 2014.

2 | ███████████████████████████████████████████████

3 | ███████████████████████████████████████████

4 | ███████████████████████████████████████████

5 | ███████████████████████████████████████████████

6 | ███████████████████████████████████████████████

7 | ███████████████████████████████████ Counsel would not have

8 | access to this information unless she represented ██████████████████. Courts

9 | routinely disqualify counsel who receive privileged and confidential information █████

10 | █████ because of the unfair prejudice caused by counsel's possession of that information.

11 | *See* Mot. at 5 n.4.[6] This case should be no different.

### 2. Counsel's Conduct Is Wrongful

Mr. Moi also failed to carry his burden on the second *Foss* factor—"[t]he level of fault or misconduct by counsel[.]" *See Foss*, 190 Wn. App. at 196. One of Chihuly's central concerns is Counsel's use of privileged and confidential information obtained through her representation of ██████████████████ for Mr. Moi's and her benefit. For example, █████████

---

[6] Counsel attempts to distinguish Chihuly's cases by claiming that in each "the disqualified attorney received ████████████████████ that had unique information or knowledge about the legal or factual preparation of the *actual case at issue*." *See* Opp. at 10. But, as discussed above, Counsel possesses information about the actual case at issue. Indeed, the cases Chihuly cited turn on whether the party moving for disqualification would be unfairly prejudiced by opposing counsel's possession of relevant privileged and confidential information. *See, e.g.*, *Cargill Inc. v. Budine*, 2007 WL 1813762, at *12 (E.D. Cal. June 22, 2007) ("Where it can be reasonably said that in the course of the former representation the attorney might have acquired information related to the subject matter of his subsequent representation, it is the court's duty to order the attorney disqualified."); *Packard Bell NEC, Inc. v. Aztech Sys. Ltd.*, 2001 WL 880957, at *9 (C.D. Cal. Jan. 22, 2001) ("[D]isqualification is proper where, as a result of a prior representation or through improper means, there is a reasonable probability counsel has obtained information the court believes would likely be used advantageously against an adverse party during the course of the litigation."); *MMR/Wallace Power & Indus., Inc. v. Thames Assocs.*, 764 F. Supp. 712, █████ (D. Conn. 1991) ████████████████████████████████████████████████████████████████████████████); *see also Williams v. Trans World Airlines, Inc.*, 588 F. Supp. 1037, 1046 (W.D. Mo. 1984). Counsel should be disqualified because the same is true here.

REPLY ISO MOTION FOR DISQUALIFICATION
(No. 2:17-cv-00853-RSL) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL136276104.7

████████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████████

██████████ *See id.* ████████████████████████████████

████████████████████████████████████ This conduct is wrongful and evinces Counsel's willingness to exploit Chihuly's privileged and confidential information for her and Mr. Moi's advantage.[9] The second factor weighs in favor of disqualification.

### 3. There is No Waiver

Counsel's half-hearted waiver argument is baseless. Counsel admits, as she must, that she has privileged and confidential information including ████████████████████ ████████████████████. *See* Opp. at 3 (████████████████████████████ ████████), 14 (████████████████████████████████████████ ████████████); Declaration of Anne Bremner (Dkt. No. 41), ¶ 6.[10] She argues Chihuly should have raised these objections during her representation of ████████. Opp. at 14-15. But as counsel notes, she may have been entitled to obtain that information in the course of her

---

[7] Counsel's contention that Chihuly ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

[8] Counsel's assertion that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See* Declaration of Harry H. Schneider, Jr. ("Schneider Decl.") (Dkt. No. 22), Exs. A-B, E. Additionally, Counsel's claim that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *State ex rel. Verizon W. Virginia, Inc. v. Matish*, 740 S.E.2d 84, (W. Va. 2013) (emphasis added). Chihuly is not arguing that ████████████████████████████ ████. Instead, it is Counsel's possession of privileged information and her blatant and highly prejudicial use of Chihuly's privileged and confidential information that precludes her from representing Mr. Moi.

[9] Assuming it would be proper to consider the Lachman Declaration—it would not be, given that it is a legal opinion masquerading as an expert declaration—his opinion is merely that Counsel did nothing wrong in receiving confidential and privileged information. Importantly, Mr. Lachman does not opine that Counsel's *use* of the information she gained from representing ████████████████ would be proper.

[10] This knowledge shows that the third *Foss* factor also weighs in Chihuly's favor. *See Foss*, 190 Wn. App. at 196.

REPLY ISO MOTION FOR DISQUALIFICATION
(No. 2:17-cv-00853-RSL) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL136276104.7

prior representation. But here, *in this lawsuit*, the issue is that her access to privileged and confidential information gained *through prior representations* prejudices Chihuly. Chihuly's motion on that issue is timely because it was made as soon as Chihuly became aware of Counsel's use of privileged and confidential information to advance Mr. Moi's claims and ███ ███████, and before any significant litigation activities have commenced. *See* Schneider Decl., Exs. C, D.

### 4. Disqualification Is the Least Severe Sanction

Disqualification is the least severe sanction. This is not, as Counsel suggests, about "an attorney's mere access to an opposing party's privileged information[.]" *See* Opp. at 15 (citing *Foss*, 190 Wn. App. at 198). Rather, Counsel not only admits that she possesses confidential and privileged information material to Mr. Moi's claims but has also demonstrated her willingness to leverage that information to her and her client's advantage—in blatant disregard of her professional and ethical obligations ███████████. Counsel's actions have already tainted these proceedings, and will only continue to do so. Nothing short of disqualifying Counsel will ensure the integrity of the judicial process.

### B. Counsel Should Be Disqualified Based On Conflicts Of Interest

Counsel's representation of Mr. Moi presents conflicts of interest that warrant disqualification. Counsel cannot take on any representation that is "materially adverse" to—or "materially limited by"—███████████████████████, or "reveal information relating to the representation" of those former clients. *See* RPC 1.7(a); RPC 1.9(a), (c). Counsel's contention that her obligations to ███████████████ are not in conflict with Mr. Moi's interests and that she can ethically depose ███████████████ does not conform to reality. Counsel could not use information from one client to attempt to discredit testimony from another, and cannot even risk placing herself in a situation requiring her to choose between her duty to represent Mr. Moi zealously and her obligation to keep ████████ ███████████, for example. *See, e.g.*, *FMC Techs. Inc. v. Edwards*, 420 F. Supp.

REPLY ISO MOTION FOR DISQUALIFICATION
(No. 2:17-cv-00853-RSL) – 5

LEGAL136276104.7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

2d 1153, 1160-61 (W.D. Wash. 2006) (disqualifying counsel under RPC 1.9 where counsel was required to cross-examine former client using potentially privileged information from prior representation to prove former client was lying). And, while Counsel also claims she can safely navigate ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. RPCs 1.7 and 1.9 are designed to avoid these types of conflicts, and, in this case, those rules provide additional grounds for disqualifying Counsel.

## C. There is No Need For An Evidentiary Hearing

An evidentiary hearing is unnecessary and would only serve to further risk inappropriate misconduct. The touchstone factual issues—whether Counsel has and has used privileged and confidential Chihuly information—are not in dispute. *See Knight v. Browne*, 2007 WL 1847245, at *3 (W.D. Wash. June 27, 2007) ("[T]he parties do not dispute any relevant facts, and thus no evidentiary hearing is warranted [in the preliminary injunction context]."); *see also Suchite v. Kleppin*, 784 F. Supp. 2d 1343, 1345 n.1 (S.D. Fla. 2011) ("An evidentiary hearing is not necessary for a motion to disqualify counsel where there are no disputed issues of material fact."). Counsel quibbles only with non-material issues that are at most disagreements of a purely legal nature. Her request for an evidentiary hearing should be denied, but to the extent that the Court should consider such an option, the parties should confer on mutual discovery.

## II. CONCLUSION

For the reasons set forth above and in the motion, Chihuly's motion should be granted.

REPLY ISO MOTION FOR DISQUALIFICATION
(No. 2:17-cv-00853-RSL) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL136276104.7

| | |
|---|---|
| DATED: July 28, 2017 | s/ *Harry H. Schneider, Jr.*, WSBA No. 9404 |
| | HSchneider@perkinscoie.com |
| | Susan E. Foster, WSBA No. 18030 |
| | SFoster@perkinscoie.com |
| | William C. Rava, WSBA No. 29948 |
| | WRava@perkinscoie.com |
| | **Perkins Coie LLP** |
| | 1201 Third Avenue, Suite 4900 |
| | Seattle, WA 98101-3099 |
| | Telephone: 206.359.8000 |
| | Facsimile: 206.359.9000 |
| | |
| | Attorneys for Defendants Chihuly, Inc., Dale Chihuly and Leslie Chihuly and Counterclaim-Plaintiffs Chihuly, Inc. and Dale Chihuly |
REPLY ISO MOTION FOR DISQUALIFICATION
(No. 2:17-cv-00853-RSL) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL136276104.7

# CERTIFICATE OF SERVICE

I certify that on July 28, 2017, I served the foregoing on the following attorney(s) of record of record by the method(s) indicated:

| | |
|---|---|
| Anne Bremner<br>Ted Buck<br>Evan Bariault<br>Frey Buck, P.S.<br>1200 Fifth Avenue<br>Suite 1900<br>Seattle, WA 98101<br>abremner@freybuck.com<br>tbuck@freybuck.com<br>ebariault@freybuck.com<br>206-486-8000 | ___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Hand Delivery<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>XX Via ECF |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 28th day of July, 2017.

                                        s/ *Harry H. Schneider, Jr.*, WSBA No. 9404
                                        HSchneider@perkinscoie.com
                                        Perkins Coie LLP
                                        1201 Third Avenue, Suite 4900
                                        Seattle, WA 98101-3099

REPLY ISO MOTION FOR DISQUALIFICATION
(No. 2:17-cv-00853-RSL) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL136276104.7