UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MOI,

                Plaintiff,

        v.

CHIHULY STUDIO, INC., *et al.*,

                Defendants.

No. C17-0853RSL

ORDER DISQUALIFYING COUNSEL

This matter comes before the Court on defendants' "Motion for Disqualification of Counsel." Dkt. # 21 (redacted version at Dkt. # 25). Defendants argue that attorney Anne Bremner and her law firm, Frey Buck, P.S., should be disqualified as counsel for plaintiff in the above-captioned matter because (1) a prior representation gave them access to defendants' privileged and confidential information that would not otherwise be available in this litigation and (2) their representation of Moi creates an irreconcilable conflict of interest with other clients. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

---

[1] This matter may be decided on the papers submitted. Defendants' request for oral argument is DENIED. The Court further finds that the basic facts giving rise to this dispute are uncontested and that an evidentiary hearing in open court would serve no purpose other than to further disclose confidential and privileged information. Plaintiffs' request for an evidentiary hearing and/or discovery is DENIED.

ORDER DISQUALIFYING COUNSEL

Because this Order will be publicly available, it will be brief and, to the greatest extent possible, in keeping with the existing confidentiality agreements and the expectations of the parties. Attorney Anne Bremner and her law firm, Frey Buck, P.S., possess defendants' privileged information regarding issues germane to this litigation.[2] To be clear, there is no indication that their acquisition or prior use of this information was wrongful: their former clients could arguably disclose whatever information they had in pursuit of their own claims, regardless of its source.[3] At this point, however, counsel is attempting to use that privileged information to benefit Moi, who would not otherwise have had access to the information, to the detriment of defendants.

"This Court applies state law in determining matters of disqualification, and thus must follow the reasoned view of the state supreme court when it has spoken on the issue" or, if the highest state court has not yet spoken, "we look to the intermediate appellate courts for guidance." In re Examination of Privilege Claims, MC15-0015JCC, 2016 WL 8669870 at * 1 (W.D. Wash. July 22, 2016) (internal quotation marks and citations omitted). In determining whether an attorney's possession of privileged information merits disqualification, courts in Washington "consider (1) prejudice; (2) counsel's fault; (3) counsel's knowledge of claim of privilege; and (4) possible lesser sanctions." Foss Maritime Co. v. Brandewiede, 190 Wn. App.

---

[2] Counsel takes too narrow a view of what type of privileged and confidential information is relevant to Moi's claims. The fact that Moi was not specifically identified or discussed in communications between defendants and their attorneys is immaterial. Moi's claims are based on events occurring from 1999 to 2014. Defendants assert, and plaintiff does not dispute, that counsel's former clients were involved in attorney/client communications during that time frame regarding exactly the type of claims of authorship Moi is now asserting. Plaintiff cannot seriously argue that defendants' internal legal analysis, risk assessments, and strategies on these same issues are not privileged and/or are irrelevant.

[3] For this reason, plaintiff's waiver argument fails. If, as plaintiff argues, it is fully proper for a client to disclose all information in his or her possession to counsel regardless of the source of the information, a motion to disqualify counsel at an earlier time would have been a non-starter. It is counsel's subsequent use of that information that prompted defendants to take action.

186, 195 (2015) (citing In re Firestorm 1991, 129 Wn.2d 130, 142 (1996)).

"Prejudice," in this context, means that the information reviewed by opposing counsel is material to the underlying litigation. The information at issue here reveals advice of counsel regarding claims of authorship, contractual protections and defenses to such claims, and other issues that are relevant to Moi's claims in this litigation. It is both significant and material. If defendants were forced to defend themselves not only from plaintiff's claims, but also from their own privileged and contemporaneous analyses, they would undoubtedly suffer prejudice. With regards to fault and knowledge, both factors support disqualification. While counsel's initial access to the privileged information may not have been wrongful, there is no dispute regarding its privileged nature. Although defendants waited until they were served with Moi's complaint to explicitly object to the way in which counsel was using the material, the fact that the information provided by their former clients included defendants' attorney-client communications and work product was obvious. Nor can there be any dispute that counsel has knowingly used confidential information obtained through prior litigation to argue Moi's case in the media or that they intend to use the information they obtained to benefit Moi in this litigation. Finally, with regards to fashioning a sanction, the Court should carefully consider the options and impose the least severe sanction that will adequately serve to deter similar conduct in the future and/or to prevent harm to defendants. In this case, simply returning the privileged documents and precluding their admission at trial is insufficient. Counsel is privy to defendants' privileged communications and, even if the documents themselves are withdrawn, can use their substance to guide discovery in an attempt to elicit the same information from admissible sources.

For all of the foregoing reasons, the Court finds that the four Foss Maritime factors favor disqualification. Defendants' motion is therefore GRANTED, and the Court need not evaluate

ORDER DISQUALIFYING COUNSEL            -3-

whether counsel's continued representation would give rise to irreconcilable conflicts with their prior clients. Anne Bremner and her law firm, Frey Buck, P.S., are hereby disqualified as counsel for plaintiff Moi in this litigation. In addition, any co-counsel with whom the privileged or confidential information was shared are also precluded from serving as counsel for plaintiff in this action. Anne Bremner and her law firm, Frey Buck, P.S., shall return any and all copies of privileged documents to defendants and shall refrain from sharing defendants' privileged or confidential information any further.

Dated this 25th day of October, 2017.

_____
Robert S. Lasnik
United States District Judge