THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MOI, an individual,

    Plaintiff,

v.

CHIHULY STUDIO, INC., a Washington corporation; DALE CHIHULY, individually and as a married person; LESLIE CHIHULY, individually and as a married person,

    Defendants.

CHIHULY INC., a Washington corporation; and DALE CHIHULY, individually,

    Counterclaim-Plaintiffs,

v.

MICHAEL MOI, an individual,

    Counterclaim-Defendant

No. 2:17-cv-00853-RSL

DEFENDANTS' AND COUNTERCLAIM PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL (MOTION FOR PROTECTIVE ORDER AND SUPPORTING DOCUMENTS)

NOTE ON MOTION CALENDAR:
February 1, 2019

MOTION TO FILE DOCUMENTS UNDER SEAL
(No. 2:17-cv-00853-RSL)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL143082284.2

## I. RELIEF REQUESTED

Defendants and Counterclaim-Plaintiffs Chihuly, Inc. and Dale Chihuly and defendant Leslie Chihuly (collectively, "Defendants" or "Chihuly") move to seal confidential information contained in their Motion for Protective Order and the supporting declaration of Harry H. Schneider, Jr ("Schneider Declaration"). The material sought to be sealed includes non-public information protected by two confidential business agreements (the "Agreements"), private third-party information, and already-sealed orders of this Court (collectively, the "Confidential Information"). Good cause exists to support the sealing of the Confidential Information to protect the confidentiality of the Agreements and private information of third parties.

This Motion is supported by the authorities set forth below and the Declaration of Ian D. Rogers ("Rogers Decl.")

## II. FACTUAL BACKGROUND

Concurrently with this motion, Defendants are filing a Motion for Protective Order, which in turn is supported by the Schneider Declaration. The Motion for Protective Order seeks to protect sensitive confidential information, and in order to provide an adequate basis for the Court's decision, describes the confidential information at issue. Chihuly discussed the same information in connection with its Motion for Disqualification of Counsel, Dkt. # 19 (Chihuly's Motion to Seal dated June 22, 2017), at which time the Court granted Chihuly's motion to maintain the information under seal, Dkt. # 55 (Order Granting Chihuly's Motion to Seal). The instant motion requests that the Court seal information in a manner consistent with its prior sealing orders.

## III. LEGAL AUTHORITY

**A.    The Legal Standard for Sealing Material**

The strong presumption of public access to court records ordinarily requires the moving party to provide compelling reasons to seal a document. *Kamakana v. City & County of*

MOTION TO FILE DOCUMENTS UNDER SEAL
(No. 2:17-cv-00853-RSL)– 1

LEGAL143082284.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). But where the underlying motion is non-dispositive, the showing required to rebut the presumption is far lower. *See, e.g.*, *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (holding that where the sealed records are "attached to a non-dispositive motion . . . , the usual presumption of the public's right of access is rebutted."); *Kamakana*, 447 F.3d at 1179 ("The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."); *Phillips ex rel. Estates of Byrd v. Gen. Motors Co.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("[W]hen a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released."). In the case of a non-dispositive motion, a good-cause showing will suffice to seal any records attached to the motion. *Kamakana,* 447 F.3d at 1180.

Here, the good-cause standard applies because the underlying Motion for Protective Order is non-dispositive. *See Traylor Bros. v. San Diego Unified Port Dist.*, 2009 LEXIS 53827, at *4-*5 (S.D. Cal. June 25, 2009) (finding that because "an order on a motion to disqualify does not resolve the merits of the underlying causes of action, and is only tangentially related to the merits," the good cause standard for non-dispositive motions applied). Thus, the Court need only find that good cause exists to seal the Confidential Information.

**B.     The Court Should Redact the Confidential Information**

Defendants request sealing of the following information:

1. references to content protected by the Agreements;
2. third-party information; and
3. sealed orders of this Court and references thereto.

Each type of information is discussed below.

MOTION TO FILE DOCUMENTS UNDER SEAL
(No. 2:17-cv-00853-RSL) – 2

LEGAL143082284.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1     *The Agreements*. The Motion for Protective Order discusses aspects of the Agreements that Moi has sought to obtain in discovery. Copies of the Agreements were provided to the Court under seal as Exhibits A and B to the Declaration of Harry Schneider in Support of Chihuly's Motion for Disqualification (Dkt. # 22). And the Court previously sealed both the Agreements and references to them contained in Chihuly's briefing materials. Dkt. # 55. The Court's prior sealing order is consistent with the weight of authority, as courts often grant protective orders to protect confidential business agreements. *See, e.g.*, *Phillips*, 307 F.3d at 1212 (citations omitted); *Alcaide v. Thomas*, 2015 WL 6087560, at *3 (D. Ariz. Oct. 16, 2015); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116152, at *5 (W.D. Wash. Apr. 5, 2013); *Edifecs Inc. v. Tibco Software Inc.*, 2011 WL 6066010, at *1 (W.D. Wash. Nov. 14, 2011); *Wacom Co., Ltd. v. Hanvon Corp.*, 2008 WL 623631, at *2-*3 (W.D. Wash. Mar. 4, 2008); *Hasbrouck v. BankAmerica Housing Serv.*, 187 F.R.D. 453, 455 (N.D.N.Y. 1999).

    The Agreements are, for purposes here, materially identical and their terms are explicitly confidential. *See* Dkt. # 22, Ex. A at 4; Ex. B at 5.[1] A confidentiality violation would expose the disclosing party to a claim for breach of contract, and the impacted third parties previously expressed a desire to continue to maintain the privacy and confidentiality of these Agreements. *See id*. ¶ 8; Ex. A at 6; Ex. B at 7-8. The confidentiality provisions of the Agreements cover and protect additional underlying information related to the Agreements. *Id*., Ex. A at 4; Ex. B at 5-6. Thus, in addition to the Agreements themselves, the Court should also seal references to information protected by the Agreements. The disclosure of this information could harm Chihuly's business and further undermine the confidentiality provisions of the Agreements that all parties specifically agreed to, and potentially subject the disclosing party to a claim of breach. As the Court has determined previously, sealing is warranted in this context. *See Wacom Co.*, 2008 WL 623631, at *2-3; *Alcaide*, 2015 WL 6087560, at *3.

---

[1] In order to reduce the amount of information filed under seal, Chihuly relies on information contained in its previously sealed filings.

MOTION TO FILE DOCUMENTS UNDER SEAL
(No. 2:17-cv-00853-RSL) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL143082284.2

Here, the harm to Chihuly is not only monetary, but would invade the right of Chihuly and the other parties to the Agreements to negotiate and enter into confidential agreements. *See Alcaide*, 2015 WL 6087560, at *3. Given that the competing interest in this case—the public's right to access is already lessened for this non-dispositive motion, *see In re Midland*, 686 F.3d at 1119—good cause supports sealing references to the Agreements.[2] *See Wacom Co.*, 2008 WL 623631, at *2-3; *Alcaide*, 2015 WL 6087560, at *3.

*Private information related to third parties.* To provide context for the Court's inquiry into whether the information at issue is subject to discovery, the Motion for Protective Order also includes details regarding the involvement of a third party in the creation of the privileged information at issue. Again, this Court previously ordered that this information be maintained under seal. Dkt. # 55. The Court's decision to do so was sound, as this individual's privacy interest deserves protection, and these details could expose the individual to embarrassment or unwanted public scrutiny. *See Seals v. Mitchell*, 2011 WL 1233650, at *3 (N.D. Cal. Mar. 30, 2011) (sealing deposition testimony concerning employment records and personnel history to prevent embarrassment for defendant).

*Sealed court order.* Finally, Chihuly seeks to file under seal a sealed *ex parte* order of this Court, included as Exhibit C to the Schneider Declaration, and references to that order in Chihuly's Motion for Protective Order. The sealed order implicates the private information discussed above such that the Court has already determined that the order should be kept from public view.

In sum, Defendants seek to file a limited amount of Confidential Information under seal: redacted references to third-party information and confidential business agreements, and a copy of a sealed order of this Court. To protect the confidentiality of the Agreements, promote

---

[2] Because good cause exists to seal the Agreements, any excerpts or specific discussion of the same in briefing should also be sealed. *Lisa O. v. Blue Cross of Idaho Health Serv., Inc.*, 2014 WL 12614479, at *1 (D. Idaho July 30, 2014) (recognizing that "discrete instances of information otherwise appropriate for sealing" may also become "intertwined with arguments" to also warrant sealing some briefing).

MOTION TO FILE DOCUMENTS UNDER SEAL
(No. 2:17-cv-00853-RSL) – 4

LEGAL143082284.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

freedom of contract, and preserve the privacy of third parties, good cause exists to seal this information.

### IV. CERTIFICATION

Pursuant to LCR 5(g)(3)(A), counsel for Defendants certifies that they have met and conferred with Plaintiff's counsel regarding the need to file the Confidential Information under seal, ways to minimize the content to be filed under seal, and other alternatives to filing under seal. On January 23, 2019, Defendants contacted Plaintiff's counsel to notify them of the materials and information that they planned to file under seal, and to inquire if Plaintiff had any proposal to avoid doing so. Rogers Decl. ¶ 2. Plaintiff's counsel did not respond. *Id.*

### V. CONCLUSION

Good cause exists to seal the Confidential Information from the Motion for Protective Order, and the Schneider Declaration.

DATED: January 24, 2019

s/ Harry H. Schneider, Jr., WSBA No. 9404
HSchneider@perkinscoie.com
William C. Rava, WSBA No. 29948
WRava@perkinscoie.com
Ian D. Rogers, WSBA No. 46584
IRogers@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendants Chihuly, Inc., Dale Chihuly and Leslie Chihuly and Counterclaim-Plaintiffs Chihuly, Inc. and Dale Chihuly

MOTION TO FILE DOCUMENTS UNDER SEAL
(No. 2:17-cv-00853-RSL) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL143082284.2

# CERTIFICATE OF SERVICE

I certify that on January 24, 2019, I caused the foregoing to be served on the following attorney(s) of record by the method(s) indicated:

| | |
|---|---|
| Lincoln C. Beauregard<br>Evan T. Fuller<br>Connelly Law Offices<br>2301 North 30th Street<br>Tacoma, WA 98403<br>lincolnb@connelly-law.com<br>efuller@connelly-law.com | ___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Hand Delivery<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>_X_ Via ECF |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 24th day of January, 2019.

    s/ Harry H. Schneider
    HSchneider@perkinscoie.com
    Perkins Coie LLP
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099

MOTION TO FILE DOCUMENTS UNDER SEAL
(No. 2:17-cv-00853-RSL) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL143082284.2