THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL MOI, an individual,<br><br>               Plaintiff,<br><br>    v.<br><br>CHIHULY STUDIO, INC., a Washington corporation; DALE CHIHULY, individually and as a married person; LESLIE CHIHULY, individually and as a married person,<br><br>               Defendants.<br><br>CHIHULY INC., a Washington corporation; and DALE CHIHULY, individually,<br><br>               Counterclaim-Plaintiffs,<br><br>    v.<br><br>MICHAEL MOI, an individual,<br><br>               Counterclaim-Defendant | No. 2:17-cv-00853-RSL<br><br>DEFENDANTS' AND COUNTERCLAIM PLAINTIFFS' MOTION FOR PROTECTIVE ORDER<br><br>NOTE ON MOTION CALENDAR:<br>February 1, 2019<br><br>REDACTED VERSION |

MOTION FOR PROTECTIVE ORDER
(No. 2:17-cv-00853-RSL)

LEGAL142989092.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I.   INTRODUCTION

Defendants seek a protective order from the Court to prevent disclosure of privileged and confidential materials requested by Plaintiff Michael Moi ("Moi") in discovery: (1) attorney-client privileged ▮▮▮▮, the possession of and access to which contributed to the disqualification of Moi's prior counsel (the "▮▮▮▮"); and (2) confidential ▮▮▮▮ This Court has already held that the ▮▮▮▮ cannot be shared with Moi or his counsel, whomever that might be, because their disclosure would result in substantial harm to Chihuly. Dkt. # 58. And Moi cannot meet the heightened showing required to obtain the ▮▮▮▮, which are irrelevant to his claims.

This Motion is supported by the authorities set forth below and the Declaration of Harry H. Schneider ("Schneider Decl.") and exhibits thereto.

## II.   BACKGROUND

**A.   ▮▮▮▮**

At the outset of this case, Moi's original attorney, Anne Bremner of Frey Buck PLLC, was disqualified because she was in possession of and was using Chihuly's confidential and attorney-client privileged information, which this Court determined "would not otherwise be available in this litigation[.]" Dkt. # 58 at 1. This privileged information included ▮▮▮▮. Dkt. # 22 (Sealed Declaration of Harry H. Schneider ISO Chihuly's Motion for Disqualification of Counsel at ¶ 5). In disqualifying Ms. Bremner, the Court specifically found that "[t]he information at issue here reveals advice of counsel regarding claims of authorship, contractual protections, and defenses to such claims, and other issues related to Moi's claims in this litigation. It is both significant and material. If defendants were forced to defend themselves not only from plaintiff's claims, but

MOTION FOR PROTECTIVE ORDER
(No. 2:17-cv-00853-RSL)– 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL142989092.5

1  also from their own privileged and contemporaneous analyses, they would undoubtedly suffer
2  prejudice." Dkt. # 58 at 3. Because of the highly sensitive nature of this information, the Court
3  held that "any co-counsel with whom the privileged or confidential information was shared are
4  also precluded from serving as counsel for plaintiff in this action." *Id.* at 4.

5  After Moi replaced Ms. Bremner with current counsel, Lincoln Beauregard, the Court
6  held that "a review of [Ms. Bremner's] litigation files is necessary to identify and remove any
7  privileged material before the files are turned over to [Mr. Beauregard]." Dkt. # 65 at 1. "[T]o
8  determine whether Judge Lasnik's October 25, 2017 Order Disqualifying Counsel fully resolved
9  the privilege concerns expressed therein," Dkt. # 73 at 1, ███████████████████████
10 ███████████████████████████████████████████████████████████████████
11 ███████████████████████████████████████████████████████████████████
12 ███ Schneider Decl., Ex. C at (February 28, 2017 Sealed *Ex Parte* Order at 3). The
13 Court ultimately held that it was satisfied that Ms. Bremner "has not provided Mr. Beauregard
14 with any confidential information related to those prior representations" and further ordered that
15 "Ms. Bremner is . . . prohibited from having any further contact with Mr. Beauregard regarding
16 this matter." Dkt. # 73 at 2, 3.

17 Nonetheless, in discovery, Moi requested ███ related in any way to the claims in
18 this lawsuit[.]" Schneider Decl., Ex. A. Chihuly responded that it was "not aware of any
19 ███ related to the claims in this lawsuit," *id.*, and, after Moi persisted in his request,
20 Chihuly's counsel asked that "[i]f you believe that ████████████████████
21 ███████████████████████████████████████ and we will
22 look anew?" Schneider Decl., Ex. B.

23 Moi initially responded "tell your art fraud clients that we will now begin imposing
24 consequences, consistent with the law, publicly for your office's gamesmanship on their behalf,"
25 *id.*, before following up to explain that the ███ he sought were the same ████████
26 that contributed to Ms. Bremner's disqualification. Moi stated that he "learned of the ███ from

MOTION FOR PROTECTIVE ORDER
(No. 2:17-cv-00853-RSL) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL142989092.5

1  Judge Donohue," and attached to his email the source of his knowledge: Judge Donohue's order
2  instructing Mr. Beauregard to advise the court whether he had ████████████████
3  ████████████████████████████, *id.*, Ex. C. That same day, during the
4  deposition of Piper O'Neill, Moi's counsel again confirmed that the ██████ he sought were
5  the same ██████████████ that contributed to Ms. Bremner's disqualification. *Id.*, Ex. D at
6  63:11-14 ("So you litigated getting Anne Bremner kicked off the case. I get an order from the
7  Court asking if I've reviewed the ██████ That's how I know about them.")

8  **B.** ██████████████████████

9      On October 23, 2018, Moi requested that Defendants produce the █████
10 ████████████████████████████████████████████████████████████████████████
11 ████████████████████████████████████ Schneider Decl., Ex. A. Chihuly objected to
12 the request on the basis that, among other things, the ██████████████ were confidential.
13 *Id.* Moi never responded to this objection, never sought to meet and confer regarding this
14 objection, and never moved to compel production of the information. Schneider Decl., ¶ 8. As a
15 result, Chihuly understood that Moi did not intend to challenge Chihuly's assertion that the
16 ██████████████ were not subject to discovery, and Chihuly never produced the
17 ██████████████ *Id.*

18     Subsequently, during the deposition of Piper O'Neill, Moi's counsel repeatedly asked
19 questions regarding the specific terms of the ████████████████████████████████
20 ████████████████████████████████████████████████████████████████████████
21 ████████████████████████████ Schneider Decl., Ex. D at 50:5-20.
22     After Moi's counsel continued to attempt to discover the contents of the ██████
23 ██████ in the face of these objections, Chihuly's counsel agreed to seek a protective order
24 from the Court enjoining disclosure of the ██████████████████ *Id.* at 76:22-77:6.

25
26

MOTION FOR PROTECTIVE ORDER
(No. 2:17-cv-00853-RSL) – 3

LEGAL142989092.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### III. Rule 26(c) Certification

Pursuant to Federal Rule of Civil Procedure 26(c), Chihuly has conferred with Moi in good faith in an effort to resolve this dispute without court action. Schneider Decl., ¶ 8.

### IV. ARGUMENT

**A. The Court Has Already Held that Moi Cannot Access the ▮▮▮▮▮▮**

The Court has already determined that ▮▮▮▮▮▮ are protected by the attorney-client privilege and not subject to discovery. Indeed, the Court found this information to be so sensitive and potentially damaging in the context of Moi's claims, that it ordered that "any co-counsel with whom the ▮▮▮▮▮ shared are . . . precluded from serving as counsel in this action," Dkt. # 58 at 4, and required Mr. Beauregard to swear that he had not accessed ▮▮▮▮, Schneider Decl., Ex. C (Order at 3).

As this Court previously held, "[t]he information at issue here reveals advice of counsel regarding claims of authorship, contractual protections, and defenses to such claims, and other issues related to Moi's claims in this litigation. It is both significant and material. If defendants were forced to defend themselves not only from plaintiff's claims, but also from their own privileged and contemporaneous analyses, they would undoubtedly suffer prejudice." Dkt. # 58 at 3.

The Court's prior rulings make clear that Moi's counsel—past and present—cannot be permitted to access the ▮▮▮▮▮▮. For the reasons already articulated by this Court, this Court should grant Chihuly's request for a protective order preventing the disclosure of the ▮▮▮▮▮▮.

**B. This Court Should Enjoin Disclosure of the ▮▮▮▮▮▮**

Discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Federal Rule of Procedure 26(b)(1). But a party is not required to produce irrelevant confidential information. *Big Baboon Corp. v. Dell, Inc.*, No. CV 09-01198 SVW (SSx), 2010 WL 3955831, at *4 (C.D. Cal. Oct. 8, 2010).

MOTION FOR PROTECTIVE ORDER
(No. 2:17-cv-00853-RSL) – 4

LEGAL142989092.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  Moreover, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[lines 2–17 redacted]

18  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are irrelevant to Moi's claims, which are premised on two

19  theories of liability: (1) that he has made contributions to Chihuly's artwork that are sufficient to

20  make him a joint author of those works; and (2) that Chihuly made an enforceable promise to

21  "take care of" Moi for his contributions to the studio. Dkt. # 9 (Complaint at ¶¶ 3.14, 4.2-4.5.7).

22  These claims depend entirely on facts specific to Moi and Moi alone, and nothing contained in

23  the ▮▮▮▮▮▮▮▮▮▮▮▮ has any bearing on their merits.

24  Moreover, even if Moi claims that the actions of the parties ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25  were relevant to his claims, he can discover such information without accessing the ▮▮▮▮▮▮

26  ▮▮▮▮▮▮ Chihuly has not sought to prevent Moi from questioning third parties about any of

MOTION FOR PROTECTIVE ORDER
(No. 2:17-cv-00853-RSL) – 5

LEGAL142989092.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1 | the actions or events ██████████████████████████████
2 | ████████████████████
3 |     For his part, Moi has struggled to articulate the relevance ████████
4 | ████████████████████████████████████████████████
5 | ████████████████████████████████████████████████
6 | ████████████████████████████████████████████████████
7 | ████████████████████████████████████████████████
8 | ████████████████████████████████████████████████
9 | ████████████████████████████████████████████████
10 | ████████████████████████████████████████████████
11 | ████████████████████████████████████████████████
12 | ████████████████████████████████████████████████
13 | ████████████████████████████████████████████████
14 | ████████████████████████████████████████████████
15 | ████████████████████████████████████████████████████
16 | ████████████████████████████████████████████████
17 | ████████████████████████████
18 |     In contrast, Chihuly has a strong interest in maintaining ████████
19 | ████████████████████████████████████████████████
20 | ████████████████████████████████████████████████
21 | ████████████████████████████████████████████████
22 | ████████████████████████████████████████████████
23 | ████
24 |     Where, as here, the ████████████ are irrelevant to Plaintiff's claims, ████
25 | ████████████████████████████████████████████████████
26 | ████████████████████████████████████████████████

MOTION FOR PROTECTIVE ORDER  
(No. 2:17-cv-00853-RSL) – 6

LEGAL142989092.5

**Perkins Coie LLP**  
1201 Third Avenue, Suite 4900  
Seattle, WA 98101-3099  
Phone: 206.359.8000  
Fax: 206.359.9000

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████████

3 ██████████████████████████████

### V.  CONCLUSION

For these reasons, the Court should GRANT Chihuly's motion for a protective order and hold that the ████████████████████████████████████████████ are not subject to discovery.

DATED: January 24, 2019

s/ Harry H. Schneider
Harry H. Schneider, WSBA No. 9404
HSchneider@perkinscoie.com
William C. Rava, WSBA No. 29948
WRava@perkinscoie.com
Ian D. Rogers, WSBA # 46584
IRogers@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendants Chihuly, Inc., Dale Chihuly and Leslie Chihuly and Counterclaim-Plaintiffs Chihuly, Inc. and Dale Chihuly

MOTION FOR PROTECTIVE ORDER
(No. 2:17-cv-00853-RSL) – 7

LEGAL142989092.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I certify that on January 24, 2019, I caused the foregoing to be served on the following attorney(s) of record by the method(s) indicated:

| | |
|---|---|
| Lincoln C. Beauregard<br>Evan T. Fuller<br>Connelly Law Offices<br>2301 North 30th Street<br>Tacoma, WA 98403<br>lincolnb@connelly-law.com<br>efuller@connelly-law.com | ___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Hand Delivery<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>_X_ Via ECF |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 24th day of January, 2019.

s/ Harry H. Schneider
HSchneider@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

MOTION FOR PROTECTIVE ORDER
(No. 2:17-cv-00853-RSL) – 8

LEGAL142989092.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000