UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MOI, an individual,

    Plaintiff,

    v.

CHIHULY STUDIO, INC., a Washington
corporation; DALE CHIHULY,
individually and as a married person;
LESLIE CHIHULY, individually and as a
married person,

    Defendants.

CHIHULY INC., a Washington
corporation; and DALE CHIHULY,
individually,

    Counterclaim-
    Plaintiffs,

    v.

MICHAEL MOI, an individual,

    Counterclaim-
    Defendant

No. 2:17-cv-00853-RSL

MOTION TO FILE DOCUMENTS UNDER
SEAL (MOI'S RESPONSIVE FILINGS)

NOTE ON MOTION CALENDAR:
March 1, 2019

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I.  INTRODUCTION

On Wednesday, February 6, after failing to timely oppose Defendants Motion to File Documents Under Seal (Dkt. # 80) (the "Prior Motion to Seal"), Plaintiff Moi ("Moi") publicly filed a response that openly discusses the same confidential information that was the subject of that motion.  That same day and shortly after Moi's public filing, the Court granted the Prior Motion to Seal.  Also that same day, Defendants contacted Moi to address the issue, but Moi refused to withdraw his public filings, arguing that he had no obligation to respect either the Prior Motion to Seal, or the Court's subsequent order sealing the information at issue.  Although Moi temporarily relented and tentatively agreed to replace his public filings with properly redacted versions, he subsequently withdrew this offer, asserting his right to "leverage" the Confidential Information "against [Defendants]" and threatening that Defendants "are about to pay a high price[.]"  Moi filed another declaration this morning.  Dkt. # 104.

Defendants now move for relief for this Court, and an order sealing Moi's public filings in a manner consistent with this Court's prior orders.  This motion is supported by the declaration of William C. Rava ("Rava Decl."), the exhibits attached thereto, and the records in this case.  Proposed redactions for Moi's filings are attached as Exhibits B-E to the Rava Declaration.

## II.  BACKGROUND

On January 24, 2019, Defendants filed a Motion for Protective Order (Dkt. # 82) (the "PO Motion") in order to prevent Moi from accessing its sensitive, and irrelevant, confidential documents, as well as documents covered by the attorney client privilege (the "Confidential Information").  In connection with the PO Motion, Defendants filed the Prior Motion to Seal to keep details and discussion of these materials out of the public record.  Moi did not timely oppose either motion, and, on February 6, the Court granted the Prior Motion to Seal.  Dkt. # 98.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

While the Prior Motion to Seal was still pending—and several hours before the Court granted it—Moi publicly filed his responses to these motions ("the Responses"), which disclosed much of the Confidential Information that Defendants sought to maintain under seal. Dkt. ## 93, 94, 95 & 96.[1]

Defendants promptly contacted Moi when they realized that Moi had publicly filed the—now sealed—Confidential Information. Rava Decl. ¶ 2. Specifically, Defendants requested that Moi "confirm that you will immediately withdraw your public filings and re-file redacted copies consistent with the Court's sealing order." Rava Decl., Ex. A at 10. Moi refused, claiming that he did not learn about the Confidential Information from Defendants and—notwithstanding the Prior Motion to Seal, and this Court's subsequent order sealing the information—he was entitled to file the Confidential Information publicly. *Id.* at 8-10.

Defendants held a telephonic conference with Moi later that day, Thursday, February 7. Rava Decl. ¶ 3. Among other things, Defendants explained that Moi's purported independent knowledge of the Confidential Information did not give him a right to publicly file sealed court documents and, if he believed such knowledge was a basis for unsealing the material, he should have—but did not—raise the issue in opposition to the Prior Motion to Seal. *Id.*, Ex. A at 5. Defendants further explained that, pursuant to LCR 5, because Moi knew that Defendants considered this information confidential (both from the substance of the Motion to Seal, and the parties' pre-filing communications), he should have filed the information under seal, and given Defendants an opportunity to justify maintaining it as such. *Id.*

Following the parties' conference, on Friday, February 8, Defendants sent Moi proposed redactions for the Responses, and Moi tentatively agreed to replace the public filings with redacted versions, though he maintained that he had no obligation to do so. Rava Decl. ¶ 4. Moi represented that he had contacted the Court to seal the Responses until the redacted versions

---

[1] The Declaration of Doyle LaCount (Dkt. # 97) does not contain any references to the Confidential Information. Defendants, therefore, do not request that the Court seal this document.

MOTION TO FILE DOCUMENTS UNDER SEAL
(No. 2:17-cv-00853-RSL) – 2

could be filed, and that the Court had agreed to do so. *Id*. Defendants called the Court and confirmed that it intended to seal the public filings. *Id*.

Later on Friday, February 8, Defendants filed a Supplemental Reply In Support of Motion for Protective Order (the "Reply") arguing (among other things) that, in addition to Moi's failure to identify a legitimate purpose for the Confidential Information's disclosure, his public disclosure of the Confidential Information in the face of the Prior Motion to Seal that same information demonstrated that Moi should not be granted access to it. Dkt. # 101.

The following day, Saturday, February 9, Moi wrote Defendants to say that he considered the Reply to be a "personal attack," that he was entitled to "leverag[e] his right to publicize independently obtained information against [Defendants]," and that his "agreement to redact [his] filings is withdrawn." Rava Decl., Ex. A at 1. He concluded, saying that Defendants are "about to pay a high price for this behavior." *Id*. Apparently further to that threat, Moi filed a supplemental declaration on Monday, February 11. See Dkt. # 104 ¶ 1.

To date, the Responses have not been sealed.

## III.    CERTIFICATION

Pursuant to LCR 5(g)(3)(A), counsel for Defendants certifies that they have met and conferred with Plaintiff's counsel regarding the need for this motion. Rava Decl. ¶ 3. This attempt was unavailing. *Id*. at ¶¶ 3-4.

## IV.    ARGUMENT

The material sought to be sealed includes references to and discussion of the same information that Defendants requested remain under seal, and that the Court has now sealed on two occasions. Dkt. ## 19, 55, 80, 99. The basis for sealing this information was explained in the Prior Motion to Seal (Dkt. # 80), and has been accepted by this Court. Dkt. ## 98, 99.

LCR 5(g)(2) provides that where a party files a document under seal, supported by a proper motion, "[t]he document will be kept under seal until the court determines whether it should remain sealed." Defendants, therefore, had a right to maintain the Confidential

MOTION TO FILE DOCUMENTS UNDER SEAL
(No. 2:17-cv-00853-RSL) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  Information under seal pending resolution of the Prior Motion to Seal.  By discussing the

2  Confidential Information in a publicly filed response to the Prior Motion to Seal (as well as in

3  response to the underlying PO Motion), Moi took the decision of whether to seal this information

4  out of the Court's hands.  Moi's decision to do so is not only inconsistent with his obligations

5  under LCR 5(g), but runs afoul of this Court's subsequent order sealing the information.  Dkt. ##

6  98, 99.  Moi's public filing of the Confidential Information is improper and, if uncorrected, will

7  be highly prejudicial to Defendants.

8        Pursuant to LCR 5(g)(5), if Moi could not "avoid including confidential information" in

9  his opposition he was *required* to "redact the confidential information from the [publicly filed

10  opposition] . . . and . . . file the unredacted . . . opposition . . . under seal[.]"  Moi knew that

11  Defendants considered the information confidential because it was clear from the face of the

12  Prior Motion to Seal, and because Defendants made this clear in pre-filing communications.

13  Indeed, the basis for Defendants' objection to the Confidential Information's production was that

14  it was *confidential* and irrelevant.  *See generally* Dkt. # 82.  Moi's purported independent

15  knowledge does not constitute a basis for disregarding Defendants' request to seal the

16  information, or the Court's subsequent order sealing it.  If Moi believed his knowledge did

17  provide such a basis, he should have properly raised this argument in opposition to the Prior

18  Motion to Seal.  He did not.  Again, Moi's decision to publicly file this confidential, and now

19  sealed, information was improper and must be corrected.

20  ### V.      CONCLUSION

21        For the reasons expressed in the Prior Motion to Seal (Dkt. #80), good cause exists to seal

22  the Confidential Information contained in the Responses.  The Court should, therefore GRANT

23  Defendants' motion, seal docket entries ## 93-96 and file the redacted versions of these

24  documents attached as Exhibits B-E of the Rava Declaration.

25

26

MOTION TO FILE DOCUMENTS UNDER SEAL
(No. 2:17-cv-00853-RSL) – 4

LEGAL143272490.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED: February 11, 2019

s/ Harry H. Schneider, Jr., WSBA No. 9404
HSchneider@perkinscoie.com
William C. Rava, WSBA No. 29948
WRava@perkinscoie.com
Ian D. Rogers, WSBA No. 46584
IRogers@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendants Chihuly, Inc., Dale
Chihuly and Leslie Chihuly and Counterclaim-
Plaintiffs Chihuly, Inc. and Dale Chihuly

MOTION TO FILE DOCUMENTS UNDER SEAL
(No. 2:17-cv-00853-RSL) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL143272490.5

**CERTIFICATE OF SERVICE**

I certify that on February 11, 2019, I caused the foregoing to be served on the following attorney(s) of record by the method(s) indicated:

| | |
|---|---|
| Lincoln C. Beauregard | ___ Via U.S. Mail, 1st Class, Postage Prepaid |
| Evan T. Fuller | ___ Via Hand Delivery |
| Connelly Law Offices | ___ Via Overnight Delivery |
| 2301 North 30th Street | ___ Via Facsimile |
| Tacoma, WA 98403 | _X_ Via ECF |
| lincolnb@connelly-law.com | |
| efuller@connelly-law.com | |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of February, 2019.

s/ Harry H. Schneider, Jr.
HSChneider@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL143272490.5