UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MOI, individually,

                              Plaintiff,

        v.

CHIHULY STUDIO, INC., a Washington
corporation, *et al*,

                              Defendant.

NO.  17-CV-00853-RSL

**PLAINTIFF MOI'S RESPONSE TO
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

**NOTED: MARCH 1, 2019**

## I.      INTRODUCTION

Plaintiff Michael Moi submits this memorandum in opposition to the Chihuly

defendants' motion for summary judgment.   The evidence of record proves that in many

instances Michael Moi was the co-author of many of the paintings at issue.[1]   Mr. Chihuly did

not even create many of the paintings himself.[2]   Under oath, Piper O'Neill confirmed this fact:

---

[1] Docket 104: Second Declaration of Moi, Paragraphs 2-6

[2] *Id.*

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

>           4          Do you have an impression as to whether or
>           5     not Dale often just signed paintings and didn't
>           6     contribute in any other way?
>           7          A.   Yes.                                    3

Dale Chihuly did not actually sign many of the works — his assistant Billy O'Neill

signed for him.[4] Mr. O'Neill's wife, Piper O'Neill, witnessed Mr. Moi painting the art work at

issue — sometimes alongside her husband, Mr. O'Neill.[5] Mr. Moi did learn some techniques

from Mr. Chihuly.[6] However, for each work, Mr. Moi testifies that he utilized his own

judgment and art skills to create the works.[7] Ms. O'Neill recalls Mr. Moi training her to use

the blowtorch involved in making the *Burn Series*.[8] In that regard, Ms. O'Neill testified as

follows:

>           8          Q.   Well, I'll -- I'll ask it even better.  I'm
>           9     more interested to know if -- if you know that if
>          10     Michael worked on paintings, if anybody else worked on
>          11     the same paintings that he did.
>          12          A.   If I'm understanding your question, yes.
>          13     That's likely.

---

[3] Deposition of Piper O'Neill, Page 78 (Second Declaration of Beauregard)

[4] Docket 104: Second Declaration of Moi, Paragraph 3

[5] Deposition of Piper O'Neill, Page 10, Lines 7-10 (Exhibit 1 to First Declaration of Beauregard)

[6] Docket 104: Second Declaration of Moi, Paragraph 5

[7] *Id*.

[8] *Id*, Page 84, Line 4

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

```
14        Q.   Okay.
15             And do you have any way to quantify that or
16   know which ones?
17        A.   Well, for the -- the burn series, as I've
18   previously said, he, Michael, burned a lot of those
19   works, but he didn't create the entire composition, so
20   by proxy other people were involved in the creation.
```
[9]

Mr. Moi also conceptualized and created the *Pumpkin Series*:



Images of the "Pumpkin" series used on Chihuly's Facebook page for posts in 2013, 2014, and 2015. [10]

According to expert testimony, Mr. Moi's contributions are readily considered those of an actual "author" within the art world.[11]  Mr. Moi participated in the creation of the paintings in reliance upon Mr. Chihuly's repeated expression that they were acting as partners.[12]  Prior to filling this lawsuit, Mr. Moi learned from a mutual associate with Dale Chihuly, Victor Humeniuk, that the other assistants had been compensated millions of dollars for their participation — but only under threat of legal action.[13]  Mr. Humeniuk's representations caused Mr. Moi alarm that his ownership interest was in jeopardy.[14]  In reaction, Mr. Moi retained

---

[9] Deposition of Piper O'Neill, Page 79 Lines 8-20
[10] Docket 104: Second Declaration of Moi, Paragraph 4
[11] Docket No. 96, Exhibit 7 (Expert Report of Thompson)
[12] Docket 104: Second Declaration of Moi, Paragraphs 6-8
[13] *Id.*
[14] *Id.*

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

Anne Bremner, and sent an opening demand of $21-million for fair compensation.[15]  In response, the Chihuly defendants publicly trashed, defamed, and repudiated Mr. Moi's claims of ownership.[16]

These legal proceedings followed.  Discovery has revealed that the Chihuly defendants have disseminated the works at issue to art dealers with representations that Dale Chihuly is the purported sole creator.[17]  At the same time, CEO Leslie Chihuly testified that use of assistants is widely understood.[18]  Mr. Moi inventoried each piece of art to which he created and/or contributed.[19]  Based upon the evidence of record, the Chihuly defendants' motion for summary judgment should be denied.

## II.    BACKGROUND

On June 2, 2017, Michael Moi filed this lawsuit against the Chihuly defendants.[20] Specifically, Mr. Moi alleged ownership of assorted paintings and imagery that were created at the Chihuly studios.[21]  The related painting sessions occurred over a period from 1999-2014.[22] Mr. Moi's creation of the paintings and imagery at issue renders the art "joint works" under the law.  17 U.S.C. 101 "(A 'joint work' is prepared by two or more authors with the intention that their contributions be merged into any inseparable or interdependent part of a unitary whole").  By law, Mr. Moi has an actionable ownership interest in the artwork that he created.  17 U.S.C

---

[15] An art expert inventoried and valued Mr. Moi's work at $6,864,000-$9,609,000 – less than 4% of the total portfolio.

[16] Docket 104: Second Declaration of Moi, Paragraph 9

[17] Docket No. 96, Exhibit 7 (Expert Report of Thompson); see also Declaration of Doyle LaCount

[18] Deposition of Leslie Chihuly, Page 19-20 (Docket 95, Exhibit 3)

[19] Docket 104: Second Declaration of Moi; *see also* Deposition of Moi, Pages 198-204 & Exhibit 2 to Declaration of Moi (Second Declaration of Beauregard)

[20] Docket No. 1: Complaint for Damages

[21] *Id.*

[22] *Id.*

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

106A (Right of Certain authors to attribution and integrity), 504 (Remedies for infringement: Damages and profits). On this primary factual and legal basis, Mr. Moi pursues damages against Chihuly Studio.[23]

Dale Chihuly admittedly utilized a number of other assistants in producing the art work at issue: Mike Robinson, Damien Villarreal, Billy O'Neill, and Piper O'Neill.[24] The other assistants are believed to have been paid millions in compensation for their work.[25] When deposed on January 15, 2019, Ms. O'Neill offered first hand testimony that Mr. Moi participated in creating their art work at issue.[26] Ms. O'Neil also testified that Mr. Moi actually provided training on how to create certain portions of the art: "***He taught me how to use a blowtorch.***"[27] Ms. O'Neill also testified that she often solely created artwork, which was signed by Dale Chihuly, and then marketed as authentic.[28] When deposed on January 22, 2019, Dale Chihuly admitted to the key facts described such as the use of assistants and also marketing artwork as authentic "Chihuly" which he did not actually create, but only signed:

> Q. Okay. But, by comparison, does anyone ever — someone else paint a painting, bring it to you, and your only contribution is signing it?
>
> A. Yes.[29]

---

[23] *Id.*

[24] Deposition of Dale Chihuly, Page 5, Lines 14-15 (Docket 95, Exhibit 2)

[25] Docket 104: Second Declaration of Moi

[26] Deposition of Piper O'Neill, Page 6-10 (Docket 95, Exhibit 1)

[27] *Id*, Page 84, Line 4

[28] *Id*, Page 78, Lines 3-7

[29] Deposition of Dale Chihuly, Page 7, Lines 24-25 to Page 8 Lines 1-2 (Docket 95, Exhibit 2)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

Ms. O'Neill understood that she was to keep her role a secret.[30] Mr. Chihuly would not necessarily know who created which paintings, because he was not even always present when it was created.[31]

Ms. O'Neill testified that Mr. Chihuly indicated, early on, that she would be compensated for her contributions.[32] Mr. Moi received similar indications of compensation from Dale Chihuly.[33] When it became clear that Mr. Chihuly was not going to follow through with compensation, Ms. O'Neill, and her husband, Billy O'Neill, threatened to sue, as did Damien Villarreal.[34] The Chihuly defendants ultimately compensated Ms. O'Neill, and they compensated the other assistants too.[35] After Mr. Moi learned that Piper and Billy O'Neill were compensated, on or about February 16, 2017, Mr. Moi also filed a demand.[36] The only distinction as between Mr. Moi and the other assistants' claims is that he doubled as a "handyman" — in addition to participating in the painting sessions.[37]

Immediately after this lawsuit was filed, the Chihuly defendants publicly trashed and defamed Mr. Moi issuing widely parroted press releases indicating that Mr. Moi completely fabricated that claims: "**Mr. Moi never worked with Dale as a painting assistant, and he did not participate in the creation of Dale's art. Mr. Moi's claims are not only baseless, they are a complete fabrication**," Chihuly Inc. said in a news release.[38] The Chihuly defendants

---

[30] Deposition of Piper O'Neil, Page 81, Lines 2-10 (Docket 95, Exhibit 1)
[31] Docket 96 (First Declaration of Moi)
[32] Deposition of Piper O'Neill, Page 86-89 (Docket 95, Exhibit 1)
[33] Docket 96 (First Declaration of Moi)
[34] Deposition of Dale Chihuly, Page 24, Lines 17-18 (Docket 95, Exhibit 2)
[35] Docket 83, Exhibit A (Declaration of Schneider)
[36] Docket 96 (First Declaration of Moi Exhibit 1 (demand letter))
[37] *Id.*
[38] https://www.bizjournals.com/seattle/news/2017/06/02/dale-chihuly-bipolar-struggle-painting-lawsuit-moi.html (Docket 95, Exhibit 4)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98402
(253) 593-5100 Phone - (253) 593-0380 Fax

themselves publisized the "*$21-million*" demand as utter ridiculousness.[39]  Television reports were consistent, and humiliating, as published by King 5 News.[40]  Under oath, CEO Leslie Chihuly initially denied responsibility for the press releases: "***It certainly didn't come from us.***"[41]  When confronted with the actual television coverage during her deposition, Ms. Chihuly later admitted making the false statements: "***No.  I just remember we probably needed to have some kind of a response to getting these allegations, and that would have been our response that I would still stand by.***"[42]

Via expert witness disclosures dated December 19, 2018, the Chihuly defendants seem to have changed their defense.[43]  Now, instead of calling Mr. Moi a liar, the Chihluy defendants are using art experts, Jim Schnatz and Kate Elliot, to claim that Mr. Moi *did* contribute to the artwork, but that his contributions were not significant enough to warrant the assignment of value.[44]  For example, Kate Elliot proclaimed: "*Dale's assistants, who have performed various roles in the realization of Dale's artistic vision for his 2-dimensional drawings and paintings, are not properly considered collaborators of Dale.*"[45]  As another example, Jim Schantz proclaimed: "*Collectors and others in the art market who purchase Dale's drawings (and glass) generally understand and appreciate that Dale works with assistants to produce the work.*"[46]

[39] *Id.*

[40] https://www.king5.com/article/news/local/lawsuit-chihuly-claimed-sole-credit-for-paintings-created-by-others/281-445280567  (Docket 95, Exhibit 5)

[41] Deposition of Leslie Chihuly, Page 1-10 (quote from page 8) (Docket 95, Exhibit 3)

[42] *Id*, Pages 59-64 (quote from page 63)

[43] Defendant's Expert Witness Disclosure (Docket 95, Exhibit 6)

[44] *Id.*

[45] *Id.*

[46] *Id.*

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

It should be noted that the opinions of Mr. Schnatz and Ms. Elliot are not consistent with the law. *See* 17 U.S.C. 101, 504 (contributions to artwork render participants joint authors).

When deposed, CEO Leslie Chihuly now claims that Dale Chihuly's use of assistants to create the artwork at issue was no secret, and widely understood: "***I think it's been well documented that he works as a team, including with the drawings. So there have been lots of photographs, video, everything throughout all of the years I've been associated where he has other team members present when he's painting and helping do things***."[47] By contrast, Dale Chihuly testified as follows:

> Q. Do you have an understanding whether or not your paintings are marketed as produced exclusively by you, sir?
>
> **A. Yes, they are.**[48]

In the Chihuly defendants' recently filed motion for summary judgment, they admitted the same: "***Between 1999 and 2015, Moi knew that Chihuly signed, marketed, and offered all of the works as the sole author***."[49] In this regard, an expert retained by Mr. Moi observed that the general public is unaware that they are purchasing artwork signed, but not always created, by Dale Chihuly: "*MKG has made inquiry's regarding the authenticity of the Art Property. Research collected from galleries or specialist dealers confirm that the referenced Art Property or similar artworks with the same creation dates are sold as being solely by Dale Chihuly.*"[50] When asked about this specific topic, potentially deceiving the art purchasers of the world, Mr. Chihuly testified as follows:

---

[47] Deposition of Leslie Chihuly, Page 19-20 (Docket 95, Exhibit 3)
[48] Deposition of Dale Chihuly, Page 16, Lines 21-23 (Docket 95, Exhibit 2)
[49] Docket No. 90, Page 5 Lines 23-24
[50] Expert Report of Blades-Lines, Page 1 (Docket 95, Exhibit 7)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

Q. Do you have any concerns that somebody who has a painting signed by you on their wall were to find out that you didn't contribute to it other than you signature, is that something you consider to be a concern or a problem?

A. I don't know how they would feel.

Q. Does it matter to you?

A. Well, let's just say I don't think about it.[51]

According to Mr. Chihuly, "*I think the ownership of a piece of art is owned by the person that signs it*."[52] Of the paintings at issue, Mr. Chihuly has a large volume at his warehouse in Tacoma: "*Well, it's more than 1,000.*"[53] The value of each piece can fluctuate. Mr. Moi's expert noted exemplar ranges between $24,000-$44,000 each piece.[54] Chihuly's warehouse full of property, and the other art work that was already sold for a large profit, and created in part by Mr. Moi, is the subject of this dispute.

## III.    EVIDENCE RELIED UPON

Mr. Moi relies upon the existing pleadings and filings of records in accord with Fed. R. Civ. Pro. 10(c) and also the newly filed Second Declaration of Michael Moi and the Second Declaration of Lincoln C. Beauregard with exhibits.

## IV.    ARGUMENT: MR. MOI'S JOINT AUTHORSHIP RIGHTS

By law, copyright law recognizes Mr. Moi as a joint author and co-owner of the art work at issue. *See* 17 U.S.C. 101; *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 521 (9th Cir. 1990); *Aalmuhammed v. Lee*, 202 F.3d 1227 (9th Cir. 2000); *Gaiman v. McFarlane*, 360 F.3d 644 (7th Cir. 2004) (recognizing copyright interest by script writer in comic-book characters). Copyright

---

[51] Deposition of Dale Chihuly, Page 18, Lines 13-23 (Docket 95, Exhibit 2)

[52] *Id*, Page 13, Lines 15-16

[53] *Id*, Page 20 Line 15

[54] Expert Report of Blades-Lines, Page 6-7 (Docket 95, Exhibit 7)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

law does not protect creative ideas; rather it protects the tangible expression of those ideas. *Id*, at 658-60. Authorship is generally a question of fact. *Del Madera Properties v. Rhodes & Gardner, Inc*., 820 F.2d 973, 980 (9th Cir. 1987). Authors of joint works are co-owners of the copyrights in the work. 17 U.S.C. 201(a). Because Mr. Moi was the co-author of many of the pieces, with nominal participation by Mr. Chihuly, he can (and does) claim full ownership as to those specific pieces. *Ashton v. Tate Corp. v. Ross*, 728 F. Supp. 2d 597, 601 (N.D. Cal. 1989), aff'd 916 F.2d 516 (1990). Based upon the law, Mr. Moi is entitled to fair compensation for his contributions. *Id*.

During the discovery period, the Chihuly defendants disclosed copies of the 6,159 paintings created in the Chihuly portfolio.[55] In order to determine which works Mr. Moi created, he reviewed each image.[56] As a result of Mr. Moi's review, he was able to identify 285[57] paintings/drawings that he created, or helped create, in the manner described under oath.[58] Those paintings and drawings are also inventoried in the expert report of Barbara Blades-Lines, ISA-Am dated December 14, 2018.[59] Based upon Mr. Moi's participation in the creation of the art work, he can say with a reasonable degree of certainty that he, more likely than not, participated individually and/or as a team in the creation of each piece identified.[60] Mr. Moi could be even *more* certain if Mr. Chihuly and Mr. O'Neill produced their calendars to further

---

[55] *See e.g.* Docket 92.1, Pages 183-301(Exhibits to Rava Declaration); *see also* Exhibit 2 to Deposition of Moi; Deposition of Moi, Pages 198-204 & Exhibit 2 to Declaration of Moi (Second Declaration of Beauregard)

[56] Docket 92.1, Pages 23-32 (Exhibits to Rava Declaration)

[57] Originally Moi identified "286" pieces of art but recognized that he was in error as to one (1) piece when deposed.

[58] *Id*.

[59] Docket No. 96, Exhibit 7 (First Declaration of Moi)

[60] Deposition of Moi, Pages 198-204 & Exhibit 2 to Declaration of Moi (Second Declaration of Beauregard)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

cross-reference, which they have not done.[61]   Beyond that, Mr. Moi *never* indicated that he could not identify the work or his contributions, as claimed in the moving brief by the Chihuly defendants.[62]   Ms. Blades inventoried the value of Mr. Moi's work at $6,864,000-$9,609,000 – less than 4% of the total portfolio.[63]

A "joint work" requires each author to make "an independently copyrightable contribution."   *Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 968 (9Th Cir. 2008).   The art work at issue are not just copies of other Chihuly paintings, *i.e.* derivative works.[64]   For every piece of art that Mr. Moi assisted and/or created, he was engaged in artistic expression using his own artistic judgment.[65]   Ms. O'Neill, a trained artist, felt the same way as Mr. Moi about her contributions to the other "indistinguishable" works of art:

```
 1    Q.   Got it.
 2         And I -- while I have my client, I can ask
 3    him.  I'm still learning some of the background
 4    information.
 5         Your artistic background, can you tell me
 6    about that, please?
 7    A.   I've studied art since I was a child.  I
 8    studied privately with my mentor, who was a tenured
 9    college professor at Brooklyn College, from the time I
10    was 13 until I was 18.  Got my BFA from Parsons School
11    of Design in New York City.  Got my master's of
12    communication in digital media from U-Dub.  And been
13    working professionally as an artist ever since.
```

---

[61] Any equivocation as to my testimony was in the form of assertions me indicating that with more assistance from Mr. Chihuly and Mr. O'Neill any and all doubt about the art that I assisted in creating could be eliminated.

[62] Docket 90, Pages 9-12 (Defendants' MSJ)

[63] Docket No. 96, Exhibit 7 (First Declaration of Moi)

[64] Docket 104: Second Declaration of Moi, Paragraph 4

[65] *Id.*

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

14      Q.   And in the work that you did with the

15   paintings, for example, at Dale Chihuly Studio, did

16   you consider yourself -- yourself engaged in an

17   artistic practice?

18      A.   Yes.

19      Q.   And you were contributing to the actual work

20   itself.

21      A.   Yes.                                          66

Mr. Moi described the process used by the group of assistants to create the "*indistinguishable*" pieces of art:

> *The methods that we utilized were varied, but generally took a similar pattern – at least when Mr. Chihuly participated.  Working just a few steps ahead of Mr. Chihuly, Mr. O'Neill and myself would begin to "mop out" the background colors.  Mr. Chihuly would follow on our heels with dots, drips, and lines of his own.  Once completed, Mr. Chihuly and Mr. O'Neill would add additional fine touches: lip wraps, body wraps, reeds, or other abstract forms.  The final step was the placement of Mr. Chihuly's signature on the art work.  Sometimes Mr. Chihuly signed himself.  On other occasions, Mr. O'Neill signed for Mr. Chihuly – because Mr. Chihuly was not always present during the creation.*[67]

In the moving brief, the Chihuly defendants are asking the Court to disregard the testimony of Mr. Moi and Ms. O'Neill and declare, as a matter of law, that the creation of "*the backgrounds*" and other fine touches of the following paintings *is not* a form of artistic expression:

---

[66] Deposition of Piper O'Neill, Page 49 Lines 1-18

[67] Docket 104: Second Declaration of Moi, Paragraph 3

PLTF MOI'S RESPONSE TO DEFENDANTS' MSJ - 12 of 24

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax



At times, Mr. Moi did channel some of what he learned from Mr. Chihuly.[70] But at no time was Mr. Moi simply copying other art work that had already been created.[71] Mr. Moi actually taught Piper O'Neill how to use the blow torch for the Burn Series: "***He taught me how to use a blowtorch.***"[72] Mr. Moi's art expert witness, Erin J. Thompson, PhD, agrees that his work is properly considered artistic expression: "***Moi's contributions were of the nature in***

---

[68] Docket 92-1, Page 185 (Exhibit 2 to Declaration of Rava)
[69] Docket 92-1, Page 187 (Exhibit 2 to Declaration of Rava)
[70] *Id.*
[71] *Id.*
[72] *Id*, Page 84, Line 4

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

the artistic community are considered inseparable, symbiotic, and codependent parts of the artwork's creation that were combined into a single final product."[73]  Dr. Thompson rendered this opinion premised upon the evidentiary record primarily in the form of Mr. Moi testimony about having been a co-author of each piece of art.[74]  Mr. Moi was of the understanding that along with Mr. Chihuly, they had been working as a team.[75]

On the topic of superintendent control, this case is unlike case law relied upon the Chihuly defendants such as *Thomson v. Larson*, 147 F.3d 195 (2nd Cir. 1998).  In *Thomson* the plaintiff offered nominal contributions in relation to the alleged joint work.  *Id.*  CEO Leslie Chihuly testified  that it is widely understood that the paintings are held out as joint creations by Dale Chihuly along with assistants.[76]   In this case, Mr. Moi created entire lines of art work which often were signed by Billy O'Neill emulating Dale Chihuly's signature.[77]  Mr. Chihuly allegedly has "*no recollection*" of the events, and therefore cannot dispute them.[78]   In the moving brief, the Chihuly defendants admit that "***Chihuly's contemporaneous engagement can, at time, vary, — depending largely upon his help…***"[79]  Ms. O'Neill observed her husband, Billy, and Mr. Moi creating the artwork together: "***I believe it was sometime in 2014, and it was evening.  And I wasn't painting.  I just remember I went to the studio to drop food off for Billy, and they were painting.  He and Micheal were painting***."[80]  Mr. Moi describes

---

[73] Docket No. 96, Exhibit 7 (Expert Report of Thompson)
[74] *Id.*
[75] Docket 104: Second Declaration of Moi, Paragraph 6
[76] Deposition of Leslie Chihuly, Page 19-20 (Docket 95, Exhibit 3)
[77] Docket 104: Second Declaration of Moi, Paragraph 5
[78] Docket 90, Page 5 Line 7 (Defendants' MSJ)
[79] Docket 90, Page 3 Lines 22-4 (Defendants' MSJ)
[80] Deposition of Piper O'Neill, Page 10, Lines 7-10 (Exhibit 1 to First Declaration of Beauregard)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

having co-created many/most of the paintings when Mr. Chihuly was not even present.[81]

Moreover, Mr. Moi reserves the right to seek a "copyright" interest in the art work if he is not

deemed a "joint author" at trial. *See e.g. Aalmuhammed*, 202 F.3d 1227.

Mr. Moi's evidence proves all of the elements of a joint authorship claim. *Compare*

*Ford v. Ray*, 130 F. Supp. 3d 1358, 1362 (W.D. Wash. 2015)(J. Lasnik). This case is *not*

analogous to David Ford coming up with a few beats which Sir-Mix-A-Lot then used to create

the *fantastic* hit songs.[82] If Mr. Ford was revealed as the *sole* author of Baby-Got-Back, this

Court undoubtedly would have ruled differently. *Id*. By contrast, Mr. Moi exercised artistic

control over each piece of artwork.[83] Furthermore, according to CEO Leslie Chihuly it is

widely understood that the paintings are created in collaboration with the assistants.[84] Second,

Mr. Moi testifies that Mr. Chihuly extended express assurances that they were working as team

in order to share the profits.[85] Third, the evidence of record, including the expert testimony of

Dr. Thompson, established a broad audience appeal as an extension of both men's contribution.

Specifically, Dr. Thompson's investigation identified that multiple dealers have pieces of art

which were created by Moi and are being marketed for tens of thousands of dollars:

> Potential client: *Did the artist frame the drawings? Are these drawings by Dale Chihuly or Dale Chihuly and his studio?*
> Art dealer: *Yes, these works were painted by Dale himself and were framed in Seattle prior to being sent to our gallery.*

---

[81] Docket 104: Second Declaration of Moi, Paragraph 3

[82] Admittedly, *Baby-Got-Back* is a rump shaking masterpiece by one of Seattle's finest rappers.

[83] Docket 104: Second Declaration of Moi, Paragraph 6

[84] Deposition of Leslie Chihuly, Page 19-20 (Docket 95, Exhibit 3)

[85] Docket 104: Second Declaration of Moi, *Generally*

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax




Dale Chihuly, *Ruby Sunset Ikebana Drawing*
2007, acrylic on paper
42 x 30 inches
$24,000

Dale Chihuly, *Float Drawing*
2008, acrylic on paper
42 x 30 inches
$24,000

[86]

Based upon this evidence, the extent to which Mr. Moi acquired an ownership interest in the 286 pieces of art at issue is a question of fact. *See* Fed. R. Civ. Pro. 56.

## V.    ARGUMENT: JOINT AUTHORSHIP RIGHTS – STATUTE OF LIMITATIONS

According to 17 U.S.C. 106A(d)(1), Mr. Moi's rights to the ownership interest in the paintings is his entire lifetime.[87]  Moreover, for years, Mr. Chihuly assured Mr. Moi that they were co-owners of the paintings.[88]  Mr. Chihuly did not actually sign all of the paintings.[89] And when Mr. Chihuly did sign, it was with the understanding that Mr. Moi was a co-author, and not any form of contemporaneous repudiation as alleged by the Chihuly defendants.[90]  CEO Leslie Chihuly testified  that the co-authorship with assistants is publicly acknowledged.[91]  Not

---

[86] Docket No. 96, Exhibit 7 (Expert Report of Thompson, Pages 25-31)

[87] 17 U.S.C. 106A (d) Duration of rights.--(1) With respect to works of visual art created on or after the effective date set forth in section 610(a) of the Visual Artists Rights Act of 1990, the rights conferred by subsection (a) shall endure for a term consisting of the life of the author.

[88] Docket 104: Second Declaration of Moi, Paragraph 6

[89] *Id*, Paragraph 3

[90] *Id*, Paragraph 6

[91] Deposition of Leslie Chihuly, Page 19-20 (Docket 95, Exhibit 3)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

until a conversation that occurred on December 26, 2016 with a mutual Dale Chihuly acquaintance, Victor Humeniuk, Mr. Moi believed his ownership interest in the warehouse full of paintings was safe and not in dispute.[92] Mr. Moi was of the understanding that the Chihuly defendants had compensated Mr. O'Neill, Ms. O'Neill, and Mr. Villarreal millions of dollars.[93] It would be fundamentally unfair for the other assistants to receive millions in payouts for the indistinguishably different painting, and for Mr. Moi to receive nothing — except public ridicule and slander.[94]

The statute of limitations for copyright infringement is three (3) years from the date the claim accrued.  *See* 17 U.S.C. 507(b).  "A cause of action for infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." *Roley v. New York World Pictures, Ltd*. 19 F.3d 479 (9th Cir. 1994).  After the conversation with Mr. Humeniuk on December 26, 2016, Mr. Moi retained legal counsel and demanded compensation.[95]  Thereafter, the Chihuly defendants repudiated Mr. Moi's ownership, including publicly trashing and defaming him:

---

[92] Docket 104: Second Declaration of Moi, Paragraphs 6-9

[93] *Id.*

[94] *Id.*

[95] Docket 96 (First Declaration of Michael Moi)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax



"They are completely and absolutely false. But Mr. Moi apparently thought that we would agree to pay him just to prevent him from exposing information that he considers to be embarrassing and sensational. He was wrong."

[96]

Mr. Moi timely filed this lawsuit, well within three (3) years of repudiation, against the Chihuly defendants.[97] For these reasons, the Chihuly defendants' statute of limitations argument fails.

## VI. ARGUMENT: MR. MOI'S VARA CLAIMS

For the reasons articulated in relation to Mr. Moi's joint-works claims, the Chihuly defendants' arguments related to the VARA claims also fail.

## VII. ARGUMENT: MR. MOI'S PROMISORY ESTOPPEL CLAIM

Mr. Moi relied upon Mr. Chihuly's promises of compensation and promises that Chihuly Studio had kept a record of all the joint works in exchange for years of participation painting sessions.[98] Ms. O'Neill confirmed receiving similar overtures and promises of compensation for her work.

---

[96] *Id.*
[97] Docket No. 1: Complaint for Damages
[98] Docket 90, Page 7 Line 9-10 (Defendants' MSJ citing Moi Deposition, Page 17-19)

PLTF MOI'S RESPONSE TO DEFENDANTS' MSJ - 18 of 24

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

<pre>
  2        Q.  (By Mr. Beauregard)  Sure.
  3             I mean, like over all this course of, you
  4   know, give -- giving up your weekend after weekend, it
  5   must have crossed your mind that, "Hey, I -- maybe I
  6   should get paid for this," at some point.
  7        A.   I had an understanding of why I was there.
  8        Q.   Okay.
  9             And what was that?
 10        A.   I had an understanding with Dale.
 11        Q.   And what -- and what was that, please?
 12        A.   In simplest form, that I'd be taken care of.
 13        Q.   And what led you to believe that?
 14        A.   He and I talking about it.
 15        Q.   Okay.
 16             Can you tell me when you might have talked
 17   about it and what was said?
 18        A.   That would have been early on after the
 19   first few sessions I attended.                      [99]
</pre>

Based upon Mr. Chihuly's promises, Mr. Moi did not deem it necessary to reduce their agreement to writing or to keep an independent log of the paintings that he created.[100]  To obtain recovery in promissory estoppel, plaintiff must establish

> "(1) [a] promise which (2) the promisor should reasonably expect to cause the promisee to change his position and (3) which does cause the promisee to change his position (4) justifiably relying upon the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise."

*Klinke v. Famous Recipe Fried Chicken, Inc.,* 94 Wash.2d 255, 259 n. 2, 616 P.2d 644 (1980) (quoting *Corbit v. J.I. Case Co.,* 70 Wash.2d 522, 539, 424 P.2d 290 (1967)); *see* Restatement (Second) of Contracts § 90 (1981).  Promissory estoppel requires the existence of a promise.  *Klinke,* 94 Wash.2d at 259, 616 P.2d 644; Restatement (Second) of

---

[99] Deposition of Piper O'Neill, Page 86-89 (Docket 95, Exhibit 1)

[100] *Id.*

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

Contracts § 90. A promise is "a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made." Restatement (Second) of Contracts § 2(1); *see* § 90 cmt. a (referring to promise definition in § 2). Each element of the claim is soundly satisfied.

None of the Chihuly defendants' arguments are dispositive. Mr. Chihuly promise to Mr. Moi is not "*impermissibly vague*"[101] as a matter of law. None of the unpublished case law cited by the Chihuly defendants is analogous. Mr. Chihuly's promises were repeated over a period of years.[102] Mr. Moi reasonably interpreted Mr. Chihuly's related assertions as promises of compensation.[103] There is nothing "impressively vague" about promising to pay someone for their work, and then not doing so.[104]

The fact that Mr. Chihuly's promise was a "*statement of future intent*"[105] is not a viable defense. In the case law relied upon by the Chihuly defendants, *Meissner v. Simpson Timber Co.*, 69 Wn.2d 949, 421 p.2d 674 (1966), the Court noted that the defending party had only stated an "intent" to make compensation, but not a promise. *Id*. Here, on this factual record, a jury is likely to find that, as with Piper O'Neill, Mr. Chihuly's assertions were properly understood as promises of compensation to Mr. Moi.[106] Mr. Chihuly made Ms. O'Neill the same promises.[107] Ms. O'Neill was eventually compensated for her work.[108] This common

---

[101] Docket 90, Page 21 Line 14 (Defendants' MSJ)
[102] Docket 104: Second Declaration of Moi, Paragraphs 6-9
[103] *Id*.
[104] *Id*.
[105] Docket 90, Page 22 Line 7 (Defendants' MSJ)
[106] Docket 104: Second Declaration of Moi
[107] Deposition of Piper O'Neill, Page 86-89 (Docket 95, Exhibit 1)
[108] Docket 104: Second Declaration of Moi

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

law truth is further fortified by the fact that the federal law bestows an ownership interest upon Mr. Moi. *See* 17 U.S.C 101.

The "*statute of frauds*"[109] is not a viable defense. The statute of Frauds provision, requiring performance of the alleged oral agreement within one year of the making of the agreement, does not apply to an oral partnership which is for an indefinite length of time and terminable at will. *Duckworth v. Langland*, 95 Wash.App. 1, 988 P.2d 967, review denied 138 Wash.2d 1002, 984 P.2d 1033. The statute of frauds does not apply to void an oral contract which has been fully performed by one of the parties. *Rutcosky v. Tracy,* 89 Wash.2d 606, 574 P.2d 382 (1978), certiorari denied 99 S.Ct. 317, 439 U.S. 930, 58 L.Ed.2d 323. Recovery in quantum meruit, valued under terms of agreement, will be allowed for work already performed under oral services agreement which is void under statute of frauds. *French v. Sabey Corp*. (1997) 85 Wash.App. 164, 931 P.2d 204, review granted 132 Wash.2d 1006, 940 P.2d 654, affirmed 134 Wash.2d 547, 951 P.2d 260.

Additionally, the express terms of the statute of frauds do not require a written agreement to memorialize Mr. Moi and Mr. Chihuly's understanding. *See* RCW 19.36.010. Mr. Moi *could* have been paid within one (1) year. *Id*. Mr. Moi's claim had nothing to do with answering for Mr. Chihuly's debts. *Id*. This case has nothing to do with documenting a marriage. *Id*. There are no issues relation to probate matters. Real estate is not at issue. *Id*. It should be noted that under the federal law, Mr. Moi has an ownership interest in the paintings irrespective of any contract. 17 U.S.C. 101. In this way, Mr. Moi's common law claims, when brought in conjunction with the federal claims, are not subject to the statute of frauds. *Id*.

---

[109] Docket 90, Page 20 Line 4 (Defendants' MSJ)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

Overall, this is a classic case of promissory estoppel because Mr. Moi did make a "*detrimental change his position*"[110] in the form of relying upon Mr. Chihuly promises in exchange for his time and effort and also in dependence upon Chihuly Studio's purportedly keeping an inventory of his work.[111] Mr. Chihuly made Mr. Moi a promise and then reneged on it.[112] What's worse is that the Chihuly defendants added insult to injury by publicly trashing and defaming Mr. Moi in order to conceal what Dr. Thompson describes as potentially civil and criminal RICO violations just to turn a huge profit.[113] At trial, the evidence will prove that the Chihuly defendants acted without honor and in order to fuel their greed.[114]

## VIII.   MR. MOI IS ENTITLED TO SOME FORM OF COMPENSATION

On Page 23 of the moving brief, the Chihuly defendants argue that Mr. Moi is entitled to some form of compensation. Mr. Moi agrees. Even if every other argument fails, Mr. Moi is entitled to compensation premised upon (1) the principles annunciated in the Chihuly defendants' moving brief, (2) for the copyrightable portions of the paintings, or (3) under principles of equity under the common law.

## IX.   CONCLUSION

The only other assistant deposed thus far, Piper O'Neill, witnessed Mr. Moi in the act of creating some of the paintings at issue. Mr. Moi inventoried the 285 paintings that he created by a careful review of each piece. In an effort to be honest and precise, Mr. Moi asserted that with the benefit of Mr. Chihuly and Mr. O'Neill's calendars, if they exist, it might be possible

---

[110] Docket 90, Page 23 Line 4 (Defendants' MSJ)
[111] Docket 104: Second Declaration of Moi
[112] *Id.*
[113] Docket No. 96, Exhibit 7 (Expert Report of Thompson, Page 2)
[114] *Id.*

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

to be certain, with no doubts. However, on this evidentiary record, Mr. Moi is certain that, more likely than not, he created the 285 pieces that he identified. When deposed, Mr. Moi admitted that he had mixed up one (1) piece of art, thereby reducing the total from 286-285. For each work, Mr. Moi did use the skills that he learned, in part, from Mr. Chihuly. However, each piece of art work is a stand-alone piece of are and not just a replication of that which already exists. Some of the art lines were the *primary* creations of Mr. Moi. The Chihuly defendants compensated the other assistants millions of dollars for their contributions to the paintings. Mr. Moi is similarly situated, and also deserves millions of dollars in compensation too. The Chihuly defendants' defense of this lawsuit has been vicious, and inconsistent. It should not have been necessary to publicly trash and defame Mr. Moi absent a motivation to cover up wrongdoing. Mr. Moi is an honest man who is seeking nothing more than his fair compensation under the law. Based upon the evidence of record, the Chihuly defendants' motion for summary judgment should be denied in entirety.

DATED this 12th day of February, 2019.

CONNELLY LAW OFFICES, PLLC

*Lincoln Beauregard*

By_____
    Lincoln C. Beauregard, WSBA No. 32878
    Evan T. Fuller, WSBA No. 48024
    Attorneys for Plaintiff

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington, that on the date noted below, a true and correct copy of the foregoing was delivered and/or transmitted in the manner(s) noted below:

| | |
|---|---|
| Harry H. Schneider, Jr., WSBA No. 9404<br>Susan E. Foster, WSBA No. 18030<br>Williams C. Rava, WSBA No. 29948<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101-3099<br>hschneider@perkinscoie.com<br>sfoster@perkinscoie.com<br>wrava@perkinscoie.com | [  ] Via Legal Messenger<br>[X] Via Email<br>[  ] Via Facsimile<br>[  ] Via U.S. Mail |

DATED this 12th day of February, 2018.

CONNELLY LAW OFFICES, PLLC

*Marla H. Folsom*

By_____

Marla H. Folsom, Paralegal

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax