UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MOI,

                Plaintiff,

              v.

CHIHULY STUDIO, INC., *et al.*,

                Defendants.

No. C17-0853RSL

ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY'S FEES

This matter comes before the Court on "Chihuly's Motion for Attorneys' Fees." Dkt. # 173. Plaintiff initiated this litigation under Washington's procedural rules when he served the complaint on defendants in May 2017.[1] The complaint sought disgorgement of revenues generated from unspecified artistic works which plaintiff claimed to have created over a fifteen year period. The complaint put at issue Dale Chihuly's "reputation as a prolific artist whose ambition, brilliance, and talent allowed him to personally create" - and sell - art (Dkt. # 10 at 1), essentially accusing Mr. Chihuly and his studio of selling bogus "Chihuly" art and defrauding their customers. In correspondence preceding service of the complaint, plaintiff demanded $21 million to settle his claims, threatened to publicly disclose personal and private

---

[1] Pursuant to CR 3 of the Washington Superior Court Civil Rules, a civil action is commenced by service of the summons and complaint on defendant <u>or</u> by filing the complaint with the court. The period for removing an action to federal court generally begins to run from defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b).

ORDER GRANTING DEFENDANTS'
MOTION FOR ATTORNEY'S FEES

information he possessed regarding Mr. Chihuly, and suggested that settlement was the only way to avoid publicity that would cause immediate harm to Mr. Chihuly's personal and business interests. Plaintiff represented that he had a videotape, documents, and thirty-five witnesses who would support his claim that he authored the unspecified artistic works.

Defendants, not surprisingly, took the threat of this litigation seriously. They attempted to obtain and review plaintiff's evidence, to locate and interview plaintiff's witnesses, and to otherwise gather information regarding the basis for plaintiff's claim of authorship and his demand for dominion over the paintings. They also took steps to prevent plaintiff from utilizing and publicizing privileged and/or confidential materials in this litigation. Despite their efforts at prevention, plaintiff disclosed the materials in a number of publicly-available filings in state and federal court. Defendants then had to request that the documents be sealed or stricken (these efforts were largely successful since the materials were generally irrelevant to any issue before the court).

Discovery in this matter lasted approximately nine months, and defendants filed a timely motion for summary judgment. Dkt. # 75 and # 90. Plaintiff's copyright claims were ultimately dismissed because plaintiff failed to raise a genuine issue of fact regarding his claim to be a co-author of 285 works he identified during discovery, any effort to separately copyright his contributions to the 285 works would fail because plaintiff could not identify what original, artistic contribution he made to any given work, and any copyright claim related to works produced before February 21, 2014, was barred by the statute of limitations. Dkt. # 169. Defendants now seek an award of $1,621,817.48 in attorney's fees incurred by outside counsel in connection with plaintiff's copyright claim. The requested fee award does not include hours defendants' in-house employees spent investigating and defending this matter or hours incurred

in connection with plaintiff's promissory estoppel claim or the state court defamation suit.[2]

**A. Award of Fees Under the Copyright Act**

In determining whether an award of fees is appropriate under the Copyright Act, 17 U.S.C. § 505, the Court considers (1) the degree of success obtained, (2) whether the claims were frivolous, motivated by bad faith, and/or objectively unreasonable, (3) the need for compensation and deterrence, and (4) whether the chilling effect of a fee award may be too great or impose an inequitable burden on an impecunious plaintiff. See Love v. Associated Newspapers, Ltd., 611 F.3d 601-614-15 (9th Cir. 2010); Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 675 (9th Cir. 2017). There is no precise rule or formula for weighing these considerations, and not all of the factors need to be considered or met. YS Built v. Huang, C15-1411BJR, 2017 WL 1093207, at *1 (W.D. Wash. Mar. 23, 2017). The Court must, however, make a particularized assessment of the circumstances of this case (meaning that it cannot award or deny fees as a matter of course) and it must not treat prevailing plaintiffs and defendants differently. Kirtsaeng v. John Wiley & Sons, Inc., __ U.S. __, 136 S. Ct. 1979, 1985 (2016) (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 527, 533 (1994)). A successful defense of a copyright may further the Copyright Act's primary purpose of encouraging the production of original literary, artistic, and musical expressions for the public good just as much as a successful challenge by a putative author. See Fogerty, 510 U.S. at 524 and 527.

The Court finds that an award of fees is appropriate in this matter. Defendants were not only successful in defending against plaintiff's copyright claim, the claim was revealed as frivolous and objectively unreasonable once the paucity of supporting evidence became apparent through discovery. The course of this litigation - including threats to publicize personal, potentially damaging information, repeated submissions of irrelevant materials

---

[2] Plaintiff sued defendants in state court alleging that they made defamatory statements about him in the press after he filed this lawsuit.

despite defendants' claims of confidentiality, and the inability to produce any supporting evidence - suggests that the copyright claim was filed and pursued in bad faith in the hopes of forcing defendants to pay a significant monetary sum in order to avoid embarrassment or damage to their reputations and business interests. Given that plaintiff's claim was patterned on claims previously made by other artists and could be copied by other Chihuly assistants, there is a need to deter the type of unsupported and fatally-flawed copyright claims asserted by plaintiff in this litigation. For the same reason, the Court finds that any chilling effect of an award is not "too great" given the meritlessness of the copyright claim at issue and the purposes of the Copyright Act. The only two considerations that may not favor an award of fees are defendants' need for compensation and plaintiff's indigency. Although neither party has provided evidence regarding their financial condition, the Court assumes for purposes of this motion that defendants can more easily bear the costs of litigation than can plaintiff. Nevertheless, the weight of the relevant factors in the circumstances of this case strongly favors an award of fees.

**B. Reasonableness of Fee Request**

Defendants have requested an award of over $1.6 million in fees. They justify the sizeable request by highlighting the nature of plaintiff's claims and the threat they posed to defendants' personal and business interests, the extraordinary motions practice required to prevent the improper use of privileged and/or confidential information (or to mitigate the damage caused by its publication), the breadth of plaintiff's claims, covering fifteen years and an unknown number of works, and the number of leads defendants had to track down to ensure that there was no genuine dispute regarding any material fact. Plaintiff does not challenge the reasonableness of defense counsel's hourly rates.

With regards to the number of hours expended, plaintiff chose not to review the time records to identify tasks or entries that may have been unnecessary, duplicative, or otherwise

unreasonable. Instead, plaintiff reargued the merits of the summary judgment ruling and, contrarily, to argue that his claims should have been dismissed at the very beginning of the case. The first argument is procedurally improper: plaintiff did not file a timely motion for reconsideration of the summary judgment order and cannot do so in response to defendants' fee application.

The argument that defendants should have filed a motion to dismiss shortly after this action was filed in May 2017, thereby avoiding the majority of the fees incurred, lacks merit. The timekeeper records show that, even before the complaint was filed, defendants were evaluating whether a motion to dismiss would be successful. At the time, plaintiff was asserting that, in addition to his own testimony, he had a "multitude of witnesses," a videotape, and documents that would prove that he authored the works at issue. Dkt. # 174-1 at 88-89. He also alleged that some of the works he created with or for defendants were generated within the applicable limitations period. It was not, therefore, unreasonable to conclude that a motion to dismiss was not likely to be successful.

Plaintiff's inability to prove his copyright claim did not become apparent until December 2018, at the earliest, when plaintiff responded to discovery and revealed his inability or unwillingness to specify what original, artistic contributions he made to any of the works at issue. Discovery closed less than a month later. Despite the lack of evidence that could support the claim of authorship under governing law, the parties were unable to settle their dispute, and defendants filed a motion for summary judgment on the date specified in the case management order. The argument that plaintiff's claims would have been dismissed had defendants filed a motion to dismiss at the outset of the case is based on a mischaracterization of the state of the record prior to December 2018. The Court finds that there was no undue or unreasonable delay in attempting to bring this matter to an end. Given the threat posed by plaintiff's allegations, the discovery that was necessary to disprove the copyright claim, the pretrial motions and

preparations made before summary judgment was entered, and the absence of any other objection from plaintiff, the Court finds that the tasks and hours reflected in the timekeeper records were reasonable.

For all of the foregoing reasons, defendants' motion for an award of attorney's fees is GRANTED. The Court awards defendants $1,621,817.48 in attorney's fees pursuant to 17 U.S.C. § 505. The Clerk of Court recently awarded defendants costs in the amount of $24,842.20. Dkt. # 200. The Clerk is therefore directed to enter judgment in favor of defendants and against plaintiff in the amount of $1,646,659.68.

Dated this 14th day of November, 2019.

Robert S. Lasnik
United States District Judge